**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Randy GOMETZ, Defendant–Appellant.**

No. 88–2396.

United States Court of Appeals, Seventh Circuit.

Argued March 29, 1989.

Decided July 5, 1989.

As Amended Aug. 7, 1989.

Motion for Remand Granted Aug. 14, 1989.

Rehearing and Rehearing En Banc Denied Sept. 12, 1989.

As Amended Sept. 19, 1989.

---

R. Thomas Day, Office of the Federal Public Defender, St. Louis, Mo., for defendant-appellant.

Frederick J. Hess, U.S. Atty., Joel V. Merkel, East St. Louis, Ill., for plaintiff-appellee.

Before POSNER, FLAUM and RIPPLE, Circuit Judges.

FLAUM, Circuit Judge.

Randy Gometz was convicted by a jury of one count of assaulting an official of a United States Penitentiary with a dangerous weapon in violation of 18 U.S.C. § 111 and one count of possession of an object that is designed or intended to be used as a dangerous weapon in violation of 18 U.S.C. § 1791. On appeal, Gometz raises various challenges to his convictions. For the reasons discussed below, we affirm.

## I.

On August 30, 1986 defendant Randy Gometz, an inmate at the United States Penitentiary at Marion, Illinois, attempted to shoot prison guard Dennis Etherton with a homemade device commonly known as a zip gun. Fortunately, the zip gun misfired and no one was injured. At trial it was established that the device as constructed was not operable due to defective wiring.[1]

As a result of this incident, Gometz was charged with one count of assaulting a federal officer with a dangerous weapon in violation of 18 U.S.C. § 111 and one count of possession of an object that may be used as a weapon in violation of 18 U.S.C. § 1791. At trial, Gometz claimed that he acted in self defense in response to the constant abuse he had suffered at the hands of prison officials. In support of this assertion, defendant introduced testimony from other inmates indicating that he was an object of hatred among prison officials and detailing the abuse he had received. Gometz was ultimately convicted on both counts of the indictment receiving consecutive sentences of ten years on the § 111 count and five years on the § 1791 count. Gometz now appeals those convictions.

## II.

Defendant's initial argument on appeal is that the defective zip gun was not an "object that is designed or intended to be used as a weapon" within the meaning of 18 U.S.C. § 1791 or a "dangerous weapon" within the meaning of 18 U.S.C. § 111.

---

1. The zip gun consisted of a detonator covered by a rolled up magazine. The detonator featured wires designed to be connected to a 110 volt circuit. The device as constructed, however, contained an 80 volt circuit. Had the proper wires been used the detonator would have expelled metal fragments through the barrel.

Specifically, defendant argues that functionality is a prerequisite to prosecution under both provisions. We disagree.

Defendant's § 1791 argument is clearly without merit and is in fact contrary to the express language of the statute. Section 1791 proscribes possession of an object designed or *intended to be used as a weapon.* (emphasis added). Thus, to successfully prosecute a defendant under this provision the government need only demonstrate that the defendant intended to employ the object as a weapon; the capacity of the object to effect injury is irrelevant. In the present case, the government has clearly made the requisite showing for there is no question that the defendant intended to kill the guard with the zip gun. In fact, the defendant has conceded this point.

Defendant's § 111 argument is also without merit, albeit for a different reason. In *McLaughlin v. United States,* 476 U.S. 16, 106 S.Ct. 1677, 90 L.Ed.2d 15 (1986), the Supreme Court was called upon to interpret the meaning of "dangerous weapon," as expressed in 18 U.S.C. § 2113, the federal bank robbery statute. In *McLaughlin,* a unanimous Court held that an unloaded gun was a dangerous weapon within the meaning of the statute. The Court based this decision on three independent rationales. First, the Court held that the law may reasonably presume that an article which is typically and characteristically dangerous is always dangerous without regard to the facts of a particular case. *Id.* at 17, 106 S.Ct. at 1678. Second, the Court held that a handgun instills fear in the average citizen and creates an immediate danger that a violent reaction will ensue. *Id.* at 17–18, 106 S.Ct. at 1678. Finally, the Court held that the gun could be used as a bludgeon. *Id.*

Although the *McLaughlin* case interpreted 18 U.S.C. § 2113, we think that its logic also applies to § 111 given the fact that the two provisions contain identical language and are cross-referenced. In particular we believe that Congress, in enacting § 111, could reasonably presume that a zip gun is an inherently dangerous object and meant to proscribe all assaults with this object irrespective of the particular zip gun's capability to inflict injury. Moreover, a zip gun, like an ordinary gun, instills fear in the average citizen and creates an immediate danger that a violent reaction will ensue. Consequently, we reject defendant's argument that the defective zip gun was not a dangerous weapon within the meaning of 18 U.S.C. § 111.

### III.

Defendant's next argument is that the district court erroneously instructed the jury on the issue of self-defense. The district court instructed the jury that a defendant acts in self-defense when he reasonably fears that immediate serious bodily harm or death would be inflicted upon him if he did not commit the offense and had no reasonable opportunity to avoid the injury. The court defined this danger as force, serious bodily harm or death that would occur at or near the point in time that the defendant committed the acts alleged in the indictment. In this court, defendant argues that the instruction's emphasis on threat of harm close in time to the assault on Officer Etherton was erroneous. Specifically, defendant argues that the jury should have been instructed that it must consider the fact that defendant was incarcerated in evaluating the merits of his self-defense argument.

We have repeatedly emphasized that in evaluating a district court's refusal to give a particular instruction we evaluate the instructions as a whole to determine whether they treat the issues fairly and adequately. *United States v. Grier,* 866 F.2d 908, 932 (7th Cir.1989) (collecting cases). The district court's instruction on self-defense was clearly satisfactory under this standard. The challenged instruction is consistent with case law in this circuit interpreting the elements of a duress defense. *See United States v. Patrick,* 542 F.2d 381, 388 (7th Cir.1976), *cert. den. Patrick v. United States,* 430 U.S. 931, 97 S.Ct. 1551, 51 L.Ed.2d 775 (1977). In contrast, defendant's proposed instruction has no support in the case law and would in fact produce illogical consequences. Given the fact that prisons are inherently danger-

ous places, the proposed instruction would absolve many criminals of punishment for possession of weapons, a result inconsistent with the obvious intent of 18 U.S.C. § 1791.

## IV.

Defendant's final argument on appeal is that the district court erroneously admitted evidence of his prior bad acts. As noted above, Gometz, in support of his self-defense argument, elicited testimony that he was despised by prison officials. During both cross-examination and closing argument, the prosecution, over defendant's objection, referred to the reason for this enmity—that Gometz was convicted of aiding and abetting the murder of a prison guard in 1983, and, without specifying the nature of the acts, also referred to the fact that defendant had engaged in several acts of violence prior to 1983.

■ It is well settled that evidence of prior bad acts must satisfy a four part test in order to be admissible under Federal Rule of Evidence 404(b). *United States v. Monzon,* 869 F.2d 338, 344 (7th Cir.), *cert. den.* —— U.S. ——, 109 S.Ct. 2087, 104 L.Ed.2d 650 (1989). First, the proffered evidence must be relevant to a matter in issue other than the defendant's propensity to commit the charged crime. Second, the prior bad act must be similar in nature and close in time to the crime charged. Third, the prosecution must establish that the defendant in fact committed the prior bad act. Finally, the probative value of the evidence must not be outweighed by its prejudicial effect. *Monzon,* 869 F.2d at 344.

■ Evaluated under these criteria, evidence of defendant's prior bad acts was not admissible under Rule 404. The district court admitted this evidence as tending to prove defendant's intent to assault Officer Etherton.[2] In this circuit, assault under § 111 is construed as a specific intent offense. *See United States v. Staggs,* 553 F.2d 1073, 1076 (7th Cir.1977). Consequently, the admission of evidence of de-

fendant's prior conduct automatically satisfied the first prong of the *Monzon* test. *Monzon,* 869 F.2d at 344. In our view, however, the second *Monzon* criterion was not met. The prior bad acts referred to occurred at least three years before the assault in this case. Moreover, it was not established that any of these acts was similar in nature to the assault on Officer Etherton. Defendant's prior conviction was for providing a weapon to another inmate that was ultimately used to murder a guard and did not involve a direct assault on a prison official by Gometz. In addition, the nature of the other violent acts referred to at trial was not elucidated. Given these facts, we do not believe that defendant's prior bad acts were so similar in nature and close in time to the assault in this case as to be admissible on the issue of defendant's intent to commit the crime charged in this case.

■ Although we believe that the district court erroneously admitted evidence of defendant's prior bad acts, the error was in the final analysis harmless. An appellate court will deem an evidentiary error to be harmless if it can say with fair assurance that the error did not influence the jury or had at most only a very slight effect. *United States v. Zapata,* 871 F.2d 616, 622 (7th Cir.1989). In the present case, the government clearly proved all elements of the charged crimes, a fact conceded by the defendant; the only disputed issue was whether defendant's conduct was justified as a proper response to a threat of imminent danger. The evidence adduced at trial, however, did not even remotely support the conclusion that defendant's actions were justified. At the time the assault occurred, Etherton posed no threat to defendant's safety—Etherton was in the process of distributing food to inmates and was not engaged in any type of confrontation with Gometz. Given these facts, we believe that we can say with fair assurance that the admission of references to defen-

---

2. The district court instructed the jury that it could consider this evidence as relevant to the issues of predisposition and intent. Although this instruction is not challenged on appeal, we wish to alert district courts to the fact that predisposition is never a proper reason for the admission of evidence of prior bad acts under Rule 404(b). *See United States v. Zapata,* 871 F.2d 616, 621 (7th Cir.1989).

dant's prior bad acts did not affect the jury's ultimate decision in this case.[3]

AFFIRMED.

## ORDER

On August 3, 1989, counsel for the appellant and the government filed a joint motion to vacate or remand Gometz' conviction on the possession count. The motion stated that as to one element of the crime no evidence was presented to the jury nor an instruction provided to the jury. Thus, a failure of both proof and instruction occurred. This issue was not raised by either party until almost one month after the issuance of this court's opinion. We expect counsel, especially counsel in criminal cases, to be more diligent than this.

Although the opinion contains some discussion of the possession conviction (because it was presented as an issue to this court), we grant the motion to remand. The district court shall consider the issue of Gometz' conviction on the possession count.

---

**3.** Defendant also raises several other points on appeal. First, defendant argues that the district court erroneously excluded evidence that tended to buttress testimony given by defense witnesses. In reviewing a trial court's evidentiary rulings we employ an abuse of discretion standard. *Samuels v. Wilder,* 871 F.2d 1346, 1354 (7th Cir.1989). The record reveals that the proffered evidence was either cumulative to evidence introduced at trial or of doubtful utility. Consequently, we find that the district judge did not abuse his discretion by excluding this evidence. Second, defendant argues that he was prejudiced by comments made by members of the venire. During the voir dire, several members of the venire who were ultimately excluded from the jury, stated that they would view defendant's decision to invoke the fifth amendment unfavorably. Defendant declined to testify at trial and now argues that these comments prejudiced him in the eyes of jury members. Defendant, however, has failed to make any showing of prejudice. No member of the actual jury expressed reservations about the defendant's possible invocation of the fifth amendment and, absent evidence to the contrary, the law is entitled to presume that these individuals responded to questions honestly.