**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Miguel Angel RODRIGUEZ, Defendant–Appellant.**

No. 93–50500.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 4, 1994.

Decided Jan. 12, 1995.

John Lanahan, Federal Defenders of San Diego, Inc., San Diego, CA, for defendant-appellant.

Jane Hahn, Asst. U.S. Atty., San Diego, CA, for plaintiff-appellee.

Before: HALL, LEAVY, and FERNANDEZ, Circuit Judges.

LEAVY, Circuit Judge:

Miguel Angel Rodriguez ("Rodriguez") appeals from his conviction and sentencing for possession of a prohibited object in a federal prison in violation of 18 U.S.C. § 1791(a)(2) (1988).[1] Rodriguez argues that the district

1. The portions of § 1791 relevant to this appeal provide:

§ 1791. Providing or possessing contraband in prison

(a) Offense.—Whoever—

. . . .

(2) being an inmate of a prison, makes, possesses, or obtains, or attempts to make or obtain, a prohibited object ... shall be punished as provided in subsection (b) of this section.

(b) Punishment.—The punishment for an offense under this section is a fine under this title or—

. . . .

(3) imprisonment for not more than 5 years, or both, if the object is specified in subsection (c)(1)(B) of this section;

. . . .

court erred by 1) failing to give his requested jury instruction relating to the intent required by one of the definitions of prohibited object specified in 18 U.S.C. § 1791(d)(1)(B); 2) admitting testimony concerning Rodriguez' actions subsequent to confiscation of the prohibited object; and 3) allowing the prosecution to present an inflammatory and prejudicial closing argument. We set aside the conviction and remand for a new trial.

## I.

Rodriguez was in custody in the Metropolitan Correctional Center in San Diego, California, awaiting sentencing on his conviction for possession of marijuana with intent to distribute. He was discovered to be in possession of an object which all parties agree was a prohibited object. Rodriguez admits knowing at the time it was prohibited.

Rodriguez made the object in question from an old metal knee brace. It was approximately nine inches long and consisted of a handle and two prongs secured by a piece of cloth. The appellant testified that he made the instrument for the purpose of tightening his metal crutches which required frequent adjustment, and for additional small odd jobs (picking up items that had slipped into hard to reach areas, fixing radios, etc.).

Rodriguez concedes that the object fits the definition of prohibited object contained in section 1791(d)(1)(F) (a misdemeanor). He, however, denies that the object is a weapon and contends that because he never "designed [n]or intended" the object to be used as a weapon, it does not come within the definition of a prohibited object defined in (d)(1)(B) (a felony).

> (5) imprisonment for not more than 6 months, or both, if the object is specified in subsection (c)(1)(F) of this section.
> ....
> (d) Definitions.—As used in this section—
> (1) the term "prohibited object" means—
> ....
> (B) ammunition, a weapon (other than a firearm or destructive device), or an object that is designed or intended to be used as a weapon or to facilitate escape from a prison;
> ....
> (F) any other object that threatens the order, discipline, or security of a prison, or the life, health, or safety of an individual.

Consistent with this theory of defense, Rodriguez requested the following instruction be given to the jury:

> The defendant Miguel Angel Rodriguez, moreover, contends that he is not guilty of the crime charged because the object he possessed in the prison was not designed, or intended, by him to be used as a weapon.

ER at 2.

The court, however, refused this request, and gave the following instruction:

> The Defendant is charged in count one of the indictment with possession of a contraband in prison, in violation of Section 1791(a)(2) of Title 18 of the United States Code. In order for the Defendant to be found guilty of that charge, the Government must prove each of the following elements beyond a reasonable doubt.
>
> First, the Defendant was an inmate in a Federal prison. That's been stipulated. Second, the Defendant knowingly possessed a prohibited object. *The Government does not have to prove that the Defendant possessed the object with the intention of using it as a weapon.*
>
> Title 18, United States Code, Section 1791(a)(2) just referred to provides, in pertinent part, as follows. Whoever being an inmate of a prison makes, possesses or obtains or attempts to make or obtain a prohibited object shall have committed a violation of law.
>
> A prohibited object is defined as all or any of the following. One, a weapon; two, an object that is designed or intended to be used as a weapon; and three, an object that threatens the order, discipline or secu-

Subsection (b) incorrectly cross-references subsection (c) as its source for the categories of prohibited objects. This mistake resulted from Congress' later addition of a new subsection (c) and redesignation of the "prohibited object" definition section as (d) while neglecting to correct subsection (b). The text of the statute makes it clear that subsection (d), laying out the various sorts of prohibited objects, is the proper reference for subsection (b). The parties raise no objection to this reading.

rity of a prison or the life, health or safety of an individual. A weapon is defined as an instrument of offensive or defensive combat, something to fight with, a means of contending against another.

Supp. ER, RT III at 9–10 (emphasis added).

The jury was given a special verdict form which distinguished among the various definitions of prohibited objects. The form read:

We specifically find the defendant possessed:

_____ a weapon.

_____ an object that is designed or intended to be used as a weapon.

_____ an object that threatens the order, discipline or security of a prison or the life, health or safety of an individual.

Supp. ER, RT III at 14–15.

During the jury's deliberation, it asked the following question:

Can you please define the difference between a wheapon [sic] and an object that is designed or intended to be used as a wheapon [sic]?

The court responded:

You are instructed, in response to your question, as follows: The difference between a weapon and an object that is designed or intended to be used as a weapon is as follows: There is no difference because in either case, the primary purpose is use as a weapon.

Supp. ER, RT III at 45–46. The court then modified the special verdict form, consolidating the first two options into a single question.

Subsequently, the jury returned the following verdict:

We, the jury in the above-entitled cause, find the defendant, guilty of possession of a prohibited object in prison.

We specifically find the defendant possessed:

__X___ a weapon or an object that is designed or intended to be used as a weapon.

_____ an object that threatens the order, discipline, or security of a prison, or the life, health, or safety of an individual.

ER at 4.

Thus, the jury found that Rodriguez possessed a prohibited object as defined under subsection (d)(1)(B). He was sentenced under its related punishment subsection to 21 months to be served consecutively with his other sentence.

**II.**

The government, relying on case law applying section 1791 prior to its 1986 amendment, argues that the defendant's intent with respect to the design or use of the object is irrelevant for determining whether the defendant possessed a prohibited object defined by subsection (d)(1)(B).

■ Prior to its 1986 amendment, the subsection of § 1791 corresponding to the present subsection (d)(1)(B) defined a prohibited object as "any other weapon or object that may be used as a weapon or as a means of facilitating escape." [2] Courts reviewing this language found that it required only a "knowing" state of mind for conviction. *See, e.g., United States v. Fox,* 845 F.2d 152 (7th Cir.1988), *cert. denied,* 488 U.S. 1012, 109 S.Ct. 800, 102 L.Ed.2d 791 (1989) and *United States v. Perceval,* 803 F.2d 601 (10th Cir. 1986). Under the pre–1986 version of § 1791, then, a defendant needed only to know that he possessed an object which could be used as a weapon, regardless of his intent in designing the object or its intended use. The plain language of the amendment, codified at subsection (d)(1)(B), however, by incorporating reference to an object being "designed or intended to be used as a weapon," requires that evidence of a specific state of mind of the defendant with respect to that object be produced before it can be found that the object is prohibited under that specific language of the subsection. [3]

---

**2.** 18 U.S.C. § 1791(a)(1)(B) (Supp. III 1985).

**3.** In *United States v. Fox,* 845 F.2d 152 (7th Cir.1988), *cert. denied,* 488 U.S. 1012, 109 S.Ct.

800, 102 L.Ed.2d 791 (1989), the Seventh Circuit considered language from legislative history regarding a proposed criminal code section: "Under proposed section 1793, however, conviction

In *United States v. Gometz*, 879 F.2d 256 (7th Cir.1989), *cert. denied,* 493 U.S. 1033, 110 S.Ct. 752, 107 L.Ed.2d 768 (1990), for example, the Seventh Circuit considered a defendant's argument that his possession of a zip gun did not violate § 1791(d)(1)(B) because it was in fact not a functional weapon [4] and because he did not intend it to be so. The court found that the statutory language of subsection (d)(1)(B), prohibiting an "object that is designed or intended to be used as a weapon," is satisfied by a showing of the defendant's intent: "Thus, to successfully prosecute a defendant under this provision the government need only demonstrate that the defendant intended to employ the object as a weapon." *Id.* at 259. Thus the court found that evidence as to the defendant's state of mind was essential for determining whether the "intended and designed" language of (d)(1)(B) was satisfied.

■ While a jury may convict under the first alternative offered in (d)(1)(B), that is, when the object is "a weapon," without considering the defendant's intent in regard to the object, this is possible only when the jury is instructed by the court that the object is as a matter of law a weapon, or when the jury finds as a matter of fact that it is a weapon. If, however, the object is not found to be a weapon as a matter of law or fact, conviction under the "designed or intended to be used as a weapon" language requires proof of specific intent on the part of the defendant in order to bring the object within the definition of (d)(1)(B).

■ In the present case, however, the government argues that the jury's verdict should be upheld on the ground that it offered alternative rationales for conviction:

> In this case, the jury checked the box indicating that the defendant possessed a weapon or an object that is designed or intended to be used as a weapon. Thus, the jury obviously concluded that the Government had proven beyond a reasonable doubt that the object ... met both definitions: it was a weapon as well as an object designed or intended to be used as a weapon.

The government's conclusion, however, does not follow. Because a jury was offered alternative bases for a verdict does not mean, as the government assumes, that its decision is based on affirmative findings on both alternatives. The jury instruction allows the jury to convict on one basis *or* the other. If the object itself failed as a matter of law or fact to meet the court's definition of a weapon, it could only be considered a prohibited object within the definition of (d)(1)(B) if it was an object designed or intended by the defendant to be used as a weapon or to facilitate escape. Since, however, the court consolidated all the alternative (d)(1)(B) definitions of a prohibited object into one special verdict question, we are unable to determine on which alternative the jury based its verdict. If the jury found the defendant guilty because it determined that the object was designed or intended to be used as a weapon, then it did so without appropriate instructions from the court.

We have previously held that "[a] defendant is entitled to an instruction on his theory of the case if the theory is legally cognizable and there is evidence upon which the jury could rationally find for the defendant." *United States v. Morton,* 999 F.2d 435, 437 (9th Cir.1993). Failure to give such an instruction constitutes reversible error: "[t]he right to have the jury instructed as to the defendant's theory of the case is one of those rights 'so basic to a fair trial' that failure to

---

would be possible if from the facts it could be shown that, contrary to a statute, rule, regulation, or order, the defendant was knowingly making or possessing an object which was intended for use as a weapon." 845 F.2d at 155 citing S.Rep. No. 98–225 at 381, 98th Cong.2d Sess., *reprinted in* 1984 U.S.S.C.A.N. 3182, 3521. Commenting on this excerpt from legislative history, the court stated that this sort of language if applicable to § 1791 would "transmute" it into a "specific intent crime." 845 F.2d at 155. Since, however, the final bill passed by Congress

dropped this language, the court did not consider this argument relevant. *Id.*

The present language of § 1791(d)(1)(B), however, tracks closely the very language that the Seventh Circuit in *Fox* acknowledged would have transformed § 1791 into a specific intent crime.

4. The defendant had tried to shoot a prison guard but the gun was in fact inoperable due to defective wiring.

instruct ... can never be considered harmless error." *Id.* citing *United States v. Escobar de Bright,* 742 F.2d 1196, 1201 (9th Cir. 1984). Rodriquez is therefore entitled to a new trial.

### III.

■ Rodriguez also assigns as error the district court's decision to admit evidence regarding a fight he had with another inmate more than one month after the object in question was taken away from him. The court received the evidence of the fight finding that evidence of Rodriguez' violent propensity would be relevant to his intent in possessing the object.[5] Because the case is remanded for a new trial, we will resolve the issue.

Federal Rule of Evidence 404(b) provides that evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity with that character. Evidence of other acts is, however, admissible under Fed.R.Evid. 404(b) for other purposes, including proof of intent, motive, purpose, etc.[6] In the present case, the court admitted the evidence because it thought Rodriguez's propensity to violence was relevant for establishing his intent in possessing the object in question. This, however, is precisely the sort of evidentiary reasoning prohibited by Rule 404(b); it impermissibly allows use of a defendant's extrinsic actions to establish a certain character type in order then to prove that the defendant committed the action in question. Evidence of the fight would be admissible under Rule 404(b) only if the fight itself, and not Rodriguez's character implied by the fight, provided an independent basis for establishing intent, motive, or purpose in possessing the object a month earlier.

We grant considerable deference to a trial judge's evidentiary rulings and review such decisions for an abuse of discretion. *United States v. Brooke,* 4 F.3d 1480, 1487 (9th Cir.1993). An abuse of discretion will be found, however, if we are definitely and firmly convinced that an erroneous ruling has been made. *Id.* In this case, there is no support for the conclusion that evidence of a fight one month after the confiscation of the item could prove, other than by impermissible use of character evidence, Rodriguez's intent in possessing the object. Accordingly, we find that the admission of this evidence was an abuse of discretion.

■ Rodriguez also claims error on the admission of testimony explaining why a witness had been moved from one floor of the correctional facility to another after confiscation of the prohibited object. His transfer had to do with unrelated objects found in his shared cell area one week after the object at issue had been confiscated and which allegedly could have been used in an attempted escape. We find that receipt of this evidence was error and should have been excluded under Fed.R.Evid. 403 and 404(b).

### IV.

We find no merit in the defendant's claim of error in the court allowing certain arguments by the prosecution.

**VACATED AND REMANDED.**

---

5. The court stated, "... [I]t would be admissible because his violent propensity would be relevant to his intent and he's testified all morning on his intent, so it clearly is admissible." Supp. ER, RT II at 161.

6. "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident...." Fed. R.Evid. 404(b) (1994).