97 F.3d 1462
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Roberto REVELES-RAMOS, Defendant-Appellant.
 No. 95-10251.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 12, 1996.[1]
Decided Sept. 5, 1996.
 
 1
 Before: HALL and BRUNETTI Circuit Judges, and WEINER,[2] Senior District Judge.
 
 MEMORANDUM[3]
 
 2
 Roberto Reveles-Ramos (Reveles) appeals his conviction for violation of 18 U.S.C. § 1326(b)(2), re-entry into the United States by a previously deported aggravated felon.[4] Jurisdiction in the district court was based on 18 U.S.C. § 3231; jurisdiction on appeal is based on 28 U.S.C. § 1291. For the reasons which follow, the judgment of conviction is affirmed.
 
 
 3
 Reveles argues, citing United States v. Ibarra, 3 F.3d 1333 (9th Cir.1993), that the district court improperly usurped the jury's function when it instructed the jury that Reveles had previously been legally deported. This argument is without merit. Reveles had filed a pre-trial motion to preclude the government's use of a prior deportation proceeding to prove that he had been previously legally deported, and the court held an evidentiary hearing on the motion. Realizing that the testimony of government witnesses would preclude him from proving prejudice as a matter of law, Reveles withdrew the motion after the close of the government's proof, but before the court could rule on the merits. Revels then sought to raise the same issue before the jury.
 
 
 4
 We need not reach the issue of how Ibarra applies to this situation. As the record reveals that Reveles conceded the legality of the prior deportation order on two occasions, and specifically stated that he would not raise the issue before the jury (ER 84-85; ER 146-147), the district court's withdrawal of the issue from the jury was proper. By repeatedly taking the position that he would not challenge the legality of the prior deportation at trial, Reveles is estopped on appeal from contending that the district court improperly removed the issue from the jury.
 
 
 5
 Reveles next argues that the district court improperly refused to instruct the jury that there is an affirmative defense of consent under 8 U.S.C. § 1326(a)(2), if a deportee has a reasonable belief that consent to reenter the United States has been given. The statute provides that the deportee get the express consent of the Attorney General before reentering the country, or establish he was not required to get such advance consent because of some other provision of the immigration laws.
 
 
 6
 We have consistently held that violation of § 1326 is a strict liability crime, i.e. the government need not prove that the alien knew he was not entitled to enter the country without advance consent. United States v. Leon-Leon 35 F.3d 1428 (9th Cir.1994); Pena-Cabanillas v. United States, 394 F.2d 785 (9th Cir.1968). Although stated two different ways, Reveles' argument is essentially that he had a reasonable belief that he had consent. The decision in Leon-Leon discounts this possibility; since the offense is a strict liability crime, Reveles' reasonable belief that he had consent is irrelevant. The affirmative defense codified at § 1326(a)(2) is limited to express consent or the showing of some other statutory provision exempting the requirement.
 
 
 7
 Reveles' alternate argument, that the district court's instruction was error because it unfairly removed his entrapment by estoppel defense from the jury, is also without merit. "Entrapment by estoppel applies when an official tells the defendant that certain conduct is legal and the defendant believes the official." United States v. Hsieh Hui Mei Chen, 754 F.2d 817, 824 (9th Cir.), cert. denied, 471 U.S. 1139 (1985) (citation omitted). "The defense of entrapment by estoppel is not applicable if the defendant is not misled." United States v. Tallmadge, 829 F.2d 767, 775 (9th Cir.1987). Because Reveles' own testimony established that he was not misled and understood he could not reenter the United States[5], the district court's instruction comported with Leon-Leon and did not improperly remove Reveles' entrapment by estoppel theory from the jury. United States v. Rodriguez, 45 F.3d 302, 306 (9th Cir.1995) (to be entitled to an instruction on an affirmative defense, there must be evidence upon which a jury could rationally find for the defendant). Accordingly, we find no error in the district court's instruction.
 
 
 8
 Finally, Reveles argues that the district court erred in admitting evidence of his two prior convictions for illegal entry. The government sought to introduce the evidence in order to prove alienage, and on cross examination questioned Reveles about his prior convictions in order to refute his contention that he reasonably relied on officials' statements that he had permission to reenter. Evidentiary rulings are reviewed on an abuse of discretion standard. United States v. Blayock, 20 F.3d 1458, 1462 (9th Cir.1994). We find no error in the admission of the evidence.
 
 
 9
 Unlike in United States v. Bejar-Metrecios, 618 F.2d 81, 83 (9th Cir.1980), the principal case upon which Reveles relies, the admission of the convictions in the case sub judice was not an abuse of discretion. Reveles did not stipulate to his alienage, an element of the offense under § 1326, and the fact was in issue before the jury. The district court gave a limiting instruction as to the 1984 conviction and Reveles never requested an instruction regarding the 1981 conviction. Accordingly, we find the district court did not abuse its discretion when it determined under Fed.R.Evid. 401 and 403 to admit the prior convictions.
 
 
 10
 For the reasons stated, the judgment of conviction is AFFIRMED.
 
 
 
 [1]
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 [2]
 Charles R. Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation
 
 
 [3]
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [4]
 The statute provides in pertinent part that any alien who:
 (1) has been arrested and deported or excluded and deported, and thereafter
 (2) enters, attempts to enter, or is at any time found in the United States, unless
 (A) prior to his reembarkation at a place outside the United States ... the Attorney General has expressly consented to such alien's reapplying for admission; or (B) ... such alien shall establish that he was not required to obtain such advance consent under this chapter or any prior Act ...
 is guilty of a violation of the Section. Subsection (b)(2) provides a maximum penalty of 20 years imprisonment and fine if the alien is a previously convicted aggravated felon.
 
 
 [5]
 Although Reveles testified he thought he had consent from the posting of a bond and receipt of an amnesty card, he also testified that he knew he could not reenter the United States after his two prior convictions, SER 69, and in fact did not reenter through a port of entry