114 F.3d 1196
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Lee BLEVINS, Defendant-Appellant.
 No. 96-16150.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 19, 1997.*
Decided May 21, 1997.
 
 Before: FLETCHER, REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Lee Blevins, a federal prisoner, appeals pro se the denial of his 28 U.S.C. § 2255 motion challenging his conviction for distributing methamphetamine and possessing methamphetamine with the intent to distribute.[1] We have jurisdiction under 28 U.S.C. § 2255. We review the district court's denial of Blevins's section 2255 motion de novo, see United States v. Sanchez, 50 F.3d 1449, 1451 (9th Cir.1995), and we affirm.
 
 
 3
 Blevins contends that he received ineffective assistance of counsel because his attorney failed to request a jury instruction on the defense of agency. This contention lacks merit.
 
 
 4
 To prevail on an ineffective assistance of counsel claim, a defendant must show deficient performance by counsel and prejudice to the defense. See Strickland v. Washington, 466 U.S. 668, 687 (1984). To satisfy the prejudice requirement, the defendant must demonstrate a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. See id. at 694. If we may dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, we may do so without examining the performance prong. See id. at 697.
 
 
 5
 "A defendant is entitled to an instruction on his theory of the case if the theory is legally cognizable and there is evidence upon which the jury could rationally find for the defendant." United States v. Morton, 999 F.2d 435, 437 (9th Cir.1993); see also United States v. Rodriguez, 45 F.3d 302, 306 (9th Cir.1995). If an agency instruction is given, a jury must exonerate the defendant if the defendant committed criminal acts while acting as an agent for law enforcement, or held a mistaken, but reasonable, belief that he was so acting. See United States v. Mason, 902 F.2d 1434, 1439-40 (9th Cir.1990).
 
 
 6
 Here, Blevins was acting as an informant for the Drug Enforcement Agency ("DEA") when the government caught Blevins selling methamphetamine. Although Blevins contends he was acting as an agent for the DEA at the time of the sale, Blevins's testimony at trial indicated that he was a government informant, but not an agent of the DEA. In addition, Blevins testified that he agreed not to sell or provide drugs to other persons pursuant to his contract with the DEA. Nevertheless, Blevins argues that he had to sell the drugs to maintain his cover as a drug dealer. DEA Agent Gregory testified that the DEA told Blevins that he could not sell drugs and that the DEA would not help him if he sold drugs. Moreover, on direct appeal, this court determined that there was "almost no chance that the jury would have found that Blevins acted within his bounds of public authority." See United States v. Blevins, No. 91-10437 (9th Cir. Sept. 16, 1992). Because there was no evidence upon which the jury could rationally have found that Blevins was acting as an agent, his counsel's failure to request an agency instruction was neither required nor prejudicial. See Strickland, 466 U.S. at 687; Morton, 999 F.2d at 437.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Blevins was represented by counsel in the district court