**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Rogelio ROJAS–FLORES,**
**Defendant–Appellant.**

**No. 03–50252.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 7, 2004.

Filed Sept. 13, 2004.

Carlton F. Gunn, Deputy Federal Public Defender, Los Angeles, CA, for the defendant-appellant.

Erik M. Silber, Assistant United States Attorney, Los Angeles, CA, for the plaintiff-appellee.

Before T.G. NELSON, TASHIMA, and FISHER, Circuit Judges.

## OPINION

TASHIMA, Circuit Judge:

Rogelio Rojas–Flores ("Rojas") is an inmate at the federal penitentiary in Lompoc, California. Following a routine cell search, a correctional officer found sharpened steel objects concealed at Rojas' waist. Rojas was convicted under 18 U.S.C. § 1791 for possession of contraband in prison and received a 51–month sentence, to be served consecutively to the sentence he was already serving for a violation of 8 U.S.C. § 1326, unlawful reentry. Rojas appeals his conviction and his sentence. We have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and we affirm the conviction, but vacate the sentence and remand for resentencing.

## BACKGROUND

As part of a routine search for contraband, Correctional Officer Michael Sanford was conducting a search of the cell Rojas occupied with another inmate. Neither inmate was in the cell during the search. Although prisoners are not permitted to interrupt officers during a search, Sanford was interrupted during the search by a third inmate, Rios, who asked him for a pass. Sanford became suspicious that Rios was attempting to draw him out of the cell because there was contraband in the cell and, while writing the pass for Rios, observed Rojas enter the cell. Sanford consequently searched Rojas and felt at his waist a paper bag with steel items inside. Sanford immediately removed the bag and called for assistance. The bag contained three sharpened steel objects, each approximately six to seven inches in length.

Rojas was indicted on one count of being a prison inmate in possession of a prohibited object, "specifically, three metal blades ... that were designed to be used as weapons," in violation of 18 U.S.C. § 1791(a)(2). The government subsequently filed a first superseding indictment, charging Rojas with knowingly possessing "three prohibited objects, namely, three weapons, each of which was a metal blade or 'shank' approximately six to seven inches in length."

At a bench trial, after the government rested, Rojas moved for a judgment of acquittal. He argued that the term "weapon," as used in § 1791, means "something that is originally manufactured as a weapon," and consequently does not include an object such as that found on Rojas. Rojas pointed out that § 1791 defines a prohibited object to include both a weapon and an object "designed or intended to be used as a weapon," 18 U.S.C. § 1791(d)(1)(B), and that if the word "weapon" included objects designed by prisoners for use as a weapon, such as a piece of steel sharpened by the inmate, it would render the "designed or intended" language superfluous.

The district court rejected Rojas' argument, and found that the objects were weapons for purposes of § 1791. It further found that Rojas knowingly possessed the weapons, and thus found that Rojas had violated the statute.

The Presentence Report ("PSR") recommended denying a reduction in offense level for acceptance of responsibility, based on Rojas' contention that the metal objects were not weapons. The PSR concluded that Rojas was not eligible for the two-level reduction under U.S.S.G. § 3E1.1 because he "contested an element of the offense relating to his factual guilt." Rojas objected to the PSR, based in part on the denial of the reduction for acceptance of responsibility. He argued that his contention at trial that the metal objects were not "weapons" for purposes of § 1791 was a legal dispute, not a factual dispute, and that he was therefore entitled to the reduction.

At sentencing, the court disagreed with this argument and therefore denied the reduction for acceptance of responsibility. The court sentenced Rojas to 51 months' imprisonment, to be served consecutively to the sentence for which he was already imprisoned. Rojas filed a timely notice of appeal.

## STANDARD OF REVIEW

■■■ The district court's denial of a motion for a judgment of acquittal is reviewed de novo. *United States v. McNeil,* 320 F.3d 1034, 1035 (9th Cir.), *cert. denied,* 540 U.S. 842, 124 S.Ct. 111, 157 L.Ed.2d 77 (2003). "We review the sufficiency of the evidence to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt." *Id.* The district court's application of the sentencing guidelines is reviewed de novo. *United States v. Franklin,* 321 F.3d 1231, 1236 (9th Cir.), *cert. denied,* 540 U.S. 858, 124 S.Ct. 161, 157 L.Ed.2d 106 (2003). The court's factual findings underlying the application of the guidelines are reviewed for clear error. *United States v. McKittrick,* 142 F.3d 1170, 1178 (9th Cir.1998).

## DISCUSSION

### I. Denial of Motion for Acquittal

Federal law prohibits the possession by a prison inmate of "a prohibited object." 18 U.S.C. § 1791(a)(2). A prohibited object is defined to include "a firearm or destructive device or ... a weapon (other than a firearm or destructive device), or an object that is designed or intended to be

used as a weapon or to facilitate escape from a prison." § 1791(d)(1)(A), (B). Rojas–Flores argues that the distinction in the statute between a "weapon" and "an object that is designed or intended to be used as a weapon" indicates that Congress intended to draw a distinction between the two phrases.

The fact that the statute prohibits both weapons and objects designed or intended for use as a weapon "suggests that the provisions are meant to regulate different types of behavior." *United States v. Mohrbacher*, 182 F.3d 1041, 1050 (9th Cir.1999); *see also Andreiu v. Ashcroft*, 253 F.3d 477, 480 (9th Cir.2001) (en banc) (reasoning that Congress' use of two different terms indicated that Congress "did not view the terms ... as synonymous"). The problem, however, is how and where to draw the line between a weapon and an object designed to be used as a weapon. At some point, an object designed to be used as a weapon, such as the six to seven-inch long, sharpened steel objects Rojas–Flores possessed, becomes a weapon.[1]

Rojas argues that a "weapon" must be "an object originally made as a weapon," not a "homemade" or "prisonmade" shank, such as he possessed, to come within the meaning of a "weapon" under § 1791. Essentially, Rojas would require that only commercially made weapons, such as a sword, dagger, or switchblade knife, could be charged as weapons. We decline, however, to draw the line here.

Just because an object is made at home or in a prison does not mean it is not a "weapon" for purposes of § 1791. A zip gun, for example, is, by definition, a homemade pistol. *See Bruscino v. Carlson*, 854 F.2d 162, 165 (7th Cir.1988) (describing a zip gun as a homemade pistol); *see also The American Heritage Dictionary of the American Language* 1569 (3d ed.2000) (defining a zip gun as "[a] crude homemade pistol"). Yet there can be no question that an inmate who possessed a zip gun should be chargeable with possession of a firearm or a weapon.

It is possible that an inmate may design an object to be a weapon, but not succeed in producing an object that so clearly functions as or resembles a weapon as the objects Rojas possessed. In that case, the inmate should be charged under the "designed or intended" clause. *See, e.g., United States v. Vahovick*, 160 F.3d 395, 397 n. 1 (7th Cir.1998) (noting that the defendant, who stabbed another inmate with five sharpened pencils bound together with tape, was charged with possession of an object designed to be used as a weapon); *United States v. Gometz*, 879 F.2d 256, 258–59 (7th Cir.1989) (rejecting the defendant's argument that a "defective zip gun was not an object designed or intended to be used as a weapon within the meaning of § 1791") (internal quotation marks omitted). A conviction under § 1791 for possession of an object designed or intended to be used as a weapon requires proof of the defendant's specific intent with respect to the object. *United States v. Rodriguez*, 45 F.3d 302, 306 (9th Cir.1995).

The trier of fact, however, need not consider the defendant's intent in order to convict for possession of a weapon. *Id.* And if the case is tried to a jury, "[t]his is possible only when the jury is instructed by the court that the object is as a matter

---

1. The contraband objects Rojas was convicted of possessing are depicted in trial Exhibit 2, appended hereto as Appendix A.

of law a weapon, or when the jury finds as a matter of fact that it is a weapon." *Id.*

Here, the district court found as a matter of law that the steel shanks were weapons for purposes of § 1791. This finding is supported by the evidence. As the district court reasoned, the objects Rojas possessed "look like knife blades." The court noted that the points were "not just pointed," but were "extremely sharp," similar to a commercially manufactured knife or pair of scissors.

The court further concluded that there was no other practical use for the objects other than as weapons. *Cf. id.* at 304 (explaining that defendant, who was charged under the "designed or intended" clause, argued that he had made the object in question—part of an old metal knee brace, consisting of a handle and two prongs secured by a piece of cloth—for use in tightening his metal crutches and other odd jobs, rather than for use as a weapon). Under *Rodriguez,* therefore, the district court did not err in denying Rojas' motion for judgment of acquittal.

## II. Acceptance of Responsibility

Rojas also challenges the sentence imposed by the district court. He contends that the district court erred in denying a reduction in his offense level for acceptance of responsibility. U.S.S.G. § 3E1.1 provides for a two-level decrease in offense level "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense." The commentary to § 3E1.1 provides as follows:

> This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse. Conviction by trial, however, does not automatically preclude a defendant from consideration

for such a reduction. In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial. This may occur, for example, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (*e.g.,* to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct). In each such instance, however, a determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct.

U.S.S.G. § 3E1.1, cmt. n. 2.

Rojas contends that his defense was based not on a challenge to the factual elements of guilt but on the applicability of § 1791 to his conduct, bringing him within the exception found in Application Note 2. We agree that Rojas raised a purely legal defense and therefore vacate his sentence and remand for resentencing.

The government argues that Rojas' case is similar to *United States v. Daychild,* 357 F.3d 1082 (9th Cir.2004), in which we affirmed the denial of a reduction for acceptance of responsibility. *Daychild,* however, is distinguishable. The defendant in *Daychild* was charged with unlawful possession of a machine gun and "contested the fact that the semiautomatic firearm had been converted into a machine gun." *Id.* at 1100. In *Daychild,* therefore, the defendant raised a factual challenge as to whether the weapon was, in fact, a machine gun. Here, by contrast, Rojas–Flores challenged only the applicability of § 1791 to the facts, which were essentially undisputed. *See McKittrick,* 142 F.3d at 1178(agreeing with the defendant that he was eligible for a reduction for acceptance of responsibility because he went to trial only to challenge the applicability of the statute to his conduct); *see also United*

*States v. Fells,* 78 F.3d 168, 171–72 (5th Cir.1996) (holding that the defendant was entitled to the acceptance of responsibility reduction where he did not deny the underlying facts at trial but only challenged their legal interpretation).

The government concedes that the issue of whether the "weapon" clause applies to a prison-made weapon is a question of law but argues that Rojas also raised factual disputes. The transcript of the bench trial and Rojas' memorandum in support of his motion for a judgment of acquittal, however, indicate otherwise. The entire basis for his argument, both during the bench trial and in his memorandum, was that the term "weapon" in § 1791 was intended to apply to something originally manufactured as a weapon and that he accordingly should have been charged under the "designed or intended" clause instead.

The court's denial of the reduction appeared to be based in large part on its concern that Rojas' legal argument was not well-founded. We disagree with this characterization of Rojas' argument, however, and further note that the perceived strength of his legal argument does not transform his argument from a legal argument to a factual dispute. *Cf. Fells,* 78 F.3d at 172(stating that the defendant's argument was "a mistaken conclusion of law on his part, but not a denial of a fact").

▪ The government argues that Rojas raised the factual question of whether he possessed a weapon. The district court, however, itself stated that there was no dispute that Rojas possessed the objects. The government also makes much of Rojas' cross-examination of the witnesses and his failure to stipulate to the elements of the offense. The cross-examination of the government's witnesses, however, did not alter the tenor of Rojas' argument, which was a legal argument regarding the applicability of the statute. Further, § 3E1.1 does not require the defendant to stipulate to the elements of the offense. Rojas "admitt[ed] the conduct comprising the offense[ ] of conviction." U.S.S.G. § 3E1.1, cmt. n. 1(a). His argument that the use of the term "weapon" was intended to apply to something originally manufactured as a weapon was an issue that "do[es] not relate to factual guilt." *Id.* cmt. n. 2. The district court's denial of the reduction for acceptance of responsibility "impermissibly penalizes [Rojas] for asserting his constitutional right to trial." *Fells,* 78 F.3d at 172.

## CONCLUSION

The evidence is sufficient to support the district court's finding that the sharpened steel objects Rojas possessed were weapons within the meaning of § 1791. The district court therefore did not err in denying Rojas' motion for a judgment of acquittal. We disagree, however, with the district court's characterization of Rojas' defense as a factual dispute. His sole defense was his legal argument concerning the applicability of the statute to his conduct; he did not deny the factual elements of guilt. Rojas accordingly was entitled to the reduction for acceptance of responsibility.

For the foregoing reasons, the judgment of conviction is **AFFIRMED.** The sentence is **VACATED** and the case **REMANDED** for resentencing.[2]

2. Rojas' motion for leave to file supplemental brief, on the effect of *Blakely v. Washington,* —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), is denied. Because we are remanding for resentencing, any *Blakely* issues the parties wish to raise are better considered by the district court in the first instance under "the extant law applicable to sentencing" at that time. *United States v. Epis,* 2004 WL 1801904, *1 (9th Cir. Aug.9, 2004), *as amend-*

APPENDIX A

*ed.* Under the circumstances, we remand for resentencing on an open record. *See United States v. Matthews,* 278 F.3d 880, 885 (9th Cir.2002) (en banc) (recognizing that, "as a general matter, if a district court errs in sentencing, we will remand for resentencing on an open record").