**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Juan BARRERA–GONZALEZ,
Defendant—Appellant.**

No. 03–50547.
DC No. CR 02–2982 IEG.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 7, 2004.

Decided Nov. 24, 2004.

Carol C. Lam, Asst. U.S. Atty., Mark R. Rehe, USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Kevin M. Bringuel, FDSD—Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before PREGERSON, TASHIMA, and PAEZ, Circuit Judges.

## MEMORANDUM *

Juan Barrera–Gonzalez ("Barrera") appeals the sentence imposed by the district court following his conviction for violation of 8 U.S.C. § 1326, being a removed alien found in the United States. Barrera contends that the district court erred by applying a 16–level enhancement to his offense level based upon a prior conviction for a drug-trafficking offense. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

▪ Barrera raises two challenges to his sentence enhancement. First, he argues that the district court erred in finding that he had incurred the prior conviction that formed the basis for the enhancement. We review this factual finding for clear error. *United States v. Rojas–Flores*, 384 F.3d 775, 778 (9th Cir.2004). The district court found that Barrera had incurred the prior conviction based solely upon its inclusion in the pre-sentence report ("PSR"). Although Barrera questions the sufficiency of the PSR to support such a finding, he has not challenged its accuracy. The district court's finding was therefore not clearly erroneous. *United States v. Romero–Rendon*, 220 F.3d 1159, 1163 (9th Cir. 2000) ("[T]he uncontroverted PSR, the only evidence before the sentencing judge, provides clear and convincing evidence of the previous conviction.").

▪ Second, Barrera challenges the district court's determination that his prior conviction constituted a drug-trafficking offense under U.S.S.G. § 2L1.2(b)(1)(A). We review this determination *de novo*. *United States v. Hernandez–Hernandez*, 387 F.3d 799, 804 (9th Cir.2004). The criminal complaint for the prior offense, coupled with the abstract of judgment, indicate that Barrera was convicted of the specific crime of possession of heroin for sale. *See United States v. Velasco–Medina*, 305 F.3d 839, 851–53 (9th Cir.2002) (finding the combination of the information and the abstract of judgment sufficient to

---

determine the specific conduct to which the defendant admitted engaging). This clearly meets the definition of "drug-trafficking offense" under § 2L1.2. *See* U.S.S.G. § 2L1.2, App. Note 1(B)(iii) (2001) (defining "drug-trafficking offense" as an offense under state law that prohibits the "possession of a controlled substance ... with intent to ... distribute").

Based on the foregoing, the judgment of the district court is **AFFIRMED.**

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.