**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 21 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50517 |
| Plaintiff - Appellee, | D.C. No. 5:08-cr-00140-VAP-3 |
| v. | |
| JUAN MURO-INCLAIN, AKA Littleman, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Argued and Submitted December 9, 2014
Pasadena, California

Before: WARDLAW and BERZON, Circuit Judges, and SMITH, District Judge.[**]

Juan Muro-Inclain ("Muro") appeals his conviction after a jury trial for

conspiracy to commit second-degree murder in violation of 18 U.S.C. § 1117, and

denial of a two-level downward adjustment for acceptance of responsibility under

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable William E. Smith, Chief District Judge for the U.S. District Court for the District of Rhode Island, sitting by designation.

United States Sentencing Guidelines § 3E1.1(a).  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Muro raises a number of evidentiary objections on appeal.  At trial, he did not raise any of these objections; nor did he argue for a reduction in his Guidelines range for acceptance of responsibility at sentencing.  We therefore review all of Muro's challenges for plain error.  Fed. R. Crim. P. 52(b); *see also United States v. Gadson*, 763 F.3d 1189, 1203 (9th Cir. 2014); *United States v. Rodriguez-Lara*, 421 F.3d 932, 948 (9th Cir. 2005), *overruled on other grounds by United States v. Hernandez-Estrada*, 749 F.3d 1154 (9th Cir. 2014).

1. The district court did not plainly err in admitting correctional officer Feeney's expert testimony that, "[w]hen an inmate steps into that sally port with that guard, those other inmates are automatically assuming the worst, that he's checking in."  Officer Feeney did not comment on whether Muro had the mental state required for the charged offense.  *See* Fed. R. Evid. 704(b).  Rather, he offered an opinion on the general behavior and practices of inmates based on his specialized knowledge.  Fed. R. Evid. 702; *United States v. Anchrum*, 590 F.3d 795, 804 (9th Cir. 2009).  The challenged testimony was also supported by an adequate foundation, as Officer Feeney testified that he had worked as a correctional officer and special investigative agent for the Bureau of Prisons for

2

over eighteen years, and that he had considerable experience with, and training on, the Surenos and Mexican Mafia prison gangs.

2. The district court did not plainly err in admitting correctional officer Rebelez's lay testimony that, "[i]t's just kind of common that prisoners don't really interact with officers. Makes them look not too good with the other inmates, other population." In context, Officer Rebelez provided this testimony as part of his explanation for his surprise when inmate Ronald Madore signaled to him, and his perception that Madore appeared nervous and tried to act discreetly. Rebelez's lay opinion testimony was rationally based on his perception of inmates in Unit 3-B, as well as his eleven years of experience as a correctional officer for the Bureau of Prisons, and was helpful to the jury because it provided context for his testimony that Madore's behavior was unusual. Fed. R. Evid. 701; *see also Gadson*, 763 F.3d at 1206-07.

3. Assuming, without deciding, that the district court plainly erred when it permitted correctional officer Ogle to testify as a lay witness that Muro was the "No. 2" Sureno gang member in Unit 3-B, Ogle's testimony did not affect Muro's substantial rights. *United States v. Lindsey*, 634 F.3d 541, 551 (9th Cir. 2011). Other record evidence demonstrated Muro's involvement in, and knowledge of, the coordinated attack on Madore. Prison surveillance camera footage showed Muro

3

and the other participants in the attack lying in wait outside the sally port; Muro observing other participants' use of hand signals shortly before the attack; Muro waiting under the stairs and rushing into the sally port; Muro brutally attacking Madore; and Muro attempting to hold Madore down while other inmates stabbed him repeatedly with two knives.

The evidence also established that Muro, the other attackers, and Madore were all members of the Surenos prison gang, and that Madore was attacked in reprisal for violating gang rules against losing drugs belonging to the Mexican Mafia and requesting protective custody. Agent Feeney's testimony established that violating these rules called for a "hard candy" reprisal, punishment which included anything "from the guy being stabbed to him being murdered." Thus the evidence was overwhelming that Muro acted knowingly and recklessly, with extreme disregard for human life when he participated in the attack.[1] It is therefore

---

[1] The jury instructions given in Muro's trial stated that conspiracy to commit second-degree murder could be based on either an agreement to deliberately and intentionally kill, or an agreement to act recklessly with extreme disregard for human life. Muro did not object at trial to this jury instruction. Nor did he challenge this instruction in his opening brief on appeal. To the extent that Muro argues in his reply brief that conspiracy to commit murder requires greater mens rea than recklessness with extreme disregard for human life, he has waived this argument by not raising it previously. *United States v. Romm*, 455 F.3d 990, 997 (9th Cir. 2006). We note that, although this Court has reasoned, in the context of a crime evincing a clear intent to kill, that "it is logically possible to conspire to

(continued...)

4

not reasonably probable that the error affected the outcome of the trial. *United States v. Gonzalez-Aguilar*, 718 F.3d 1185, 1189 (9th Cir. 2013).

4. The district court did not plainly err by adopting the presentencing report's Guidelines calculations, which did not adjust the offense level calculation to account for acceptance of responsibility under United States Sentencing Guidelines § 3E1.1(a). Although Muro admitted that he assaulted Madore, he did so only at trial and therefore did not "preserv[e] government resources required to prepare for trial." *United States v. Gallegos*, 613 F.3d 1211, 1217 (9th Cir. 2010). He also contested his factual guilt at trial on the conspiracy to commit murder charge, *see United States v. Rojas-Flores*, 384 F.3d 775, 780 (9th Cir. 2004) (quoting U.S.S.G. § 3E1.1, cmt. n.2), arguing that the assault was spontaneous and that he lacked knowledge that the other participants would use knives. Finally, there is limited, if any, evidence in the record of contrition. *United States v. McKinney*, 15 F.3d 849, 853 (9th Cir. 1994).

**AFFIRMED.**

---

[1](...continued)
commit second-degree murder," *see United States v. Croft*, 124 F.3d 1109, 1122-23 (9th Cir. 1997) (citing *United States v. Chagra*, 807 F.2d 398, 401-02 (5th Cir. 1986)), other courts have rejected the existence of a conspiracy to commit the "target offense of second degree *implied malice* murder." *People v. Cortez*, 960 P.2d 537, 539 (Cal. 1998); *see also, e.g., Mitchell v. State*, 767 A.2d 844, 854 (Md. 2001).