UNITED STATES of America, Plaintiff–Appellee,

v.

Paul Henry FELLS, Defendant–Appellant.

No. 95–10296.

United States Court of Appeals, Fifth Circuit.

March 7, 1996.

---

Colleen D. Murphy, Office of the United States Attorney, Christopher Allen Curtis, Assistant U.S. Attorney, Suzanne Michelle Hudson, Fort Worth, TX, for plaintiff-appellee.

Timothy William Crooks, Federal Public Defender's Office, Fort Worth, TX, for defendant-appellant.

Before POLITZ, Chief Judge, and GOODWIN[1] and DUHÉ, Circuit Judges.

GOODWIN, Circuit Judge:

Fells appeals his conviction for being a felon in possession of a handgun. He alleges three errors. First, he claims the evidence was insufficient to support venue; second, he claims the court improperly instructed the jury regarding venue; third, he claims the court erred in refusing to grant a three point reduction in his sentencing offense level for acceptance of responsibility. We affirm Fells' conviction, but vacate the sentence and remand for the court to give consideration to re-sentencing under a reduced offense level pursuant to § 3E1.1 of the Sentencing Guidelines.

## I. *FACTS*

On October 3, 1994, Fells took an American Airlines flight out of Little Rock, Arkansas. At the airport he checked through to Ontario, California, a piece of luggage which contained a handgun. Prior to checking the luggage, he advised the airline and completed the paperwork necessary for transporting the gun.

Pursuant to information received from the DEA in Little Rock, DEA agents contacted

1. Circuit Judge, of the Ninth Circuit, sitting by designation.

Fells when he disembarked from the flight in the Dallas/Fort Worth, Texas airport (DFW). Upon request, Fells produced his airline ticket from Little Rock to Ontario, with a connection in DFW. When questioned, Fells admitted placing a pistol in his checked luggage in Little Rock. Fells consented to a search of his checked luggage and unlocked the suitcase for the agents. A pistol and two gun clips containing live ammunition were found inside the luggage. He was arrested and charged.

Before trial, he admitted that the firearm in question had traveled in interstate commerce and was in working order. At trial, Fells stipulated to being "a person who had been convicted of a felony offense" as of October 3, 1994. However, at the close of the government's evidence, Fells moved for a judgment of acquittal "based on venue; that they haven't established that Mr. Fells had the gun in Texas." The Government responded that Fells constructively possessed the firearm in Texas and that Fells was responsible for causing the weapon to move in interstate commerce because he checked it on a flight from Arkansas to Texas. The district court denied the motion and Fells rested, saving an exception to the ruling that venue was a jury question.

The district court instructed the jury that in order to find Fells guilty it must be convinced by a preponderance of the evidence that one of the elements of the offense occurred in whole or in part in the Northern District of Texas. The district court also instructed the jury on actual and constructive possession. The jury returned a guilty verdict, and the district court ordered a presentence report.

## II. VENUE

Fells argues that the district court should have granted his motion for judgment of acquittal because the evidence was insufficient to establish venue in the Northern District of Texas. He first contends that venue must be proven beyond a reasonable doubt, as opposed to by a preponderance of the evidence. He then claims that under either standard, the Government failed to prove that he had constructive possession of the firearm in the Northern District of Texas

because he lost control of the firearm when federal agents determined, while he was airborne, that he was a convicted felon. He then argues that upon his arrival in the Northern District of Texas the agents had already exercised dominion and control over the pistol when they decided to intercept him and his luggage before the journey ended in California.

### A. Standard of Proof

■ This circuit applies the preponderance standard to venue issues. *United States v. Bell*, 993 F.2d 427, 429 (5th Cir.), *cert. denied*, — U.S. —, 114 S.Ct. 271, 126 L.Ed.2d 222 (1993). *Bell* postdates *In Re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), which Fells erroneously contends requires venue to be proved beyond-a-reasonable-doubt. "This Circuit has not treated territorial jurisdiction and venue as 'essential elements' in the sense that proof beyond a reasonable doubt is required." *United States v. White*, 611 F.2d 531, 536 (5th Cir.), *cert. denied*, 446 U.S. 992, 100 S.Ct. 2978, 64 L.Ed.2d 849 (1980).

### B. Constructive Possession

■ The Government has the burden of establishing venue. *United States v. Winship*, 724 F.2d 1116, 1124 (5th Cir.1984). When an offense is begun in one district and completed in another, venue is proper in any district in which the offense was "begun, continued, or completed." 18 U.S.C. § 3237(a); *see also, United States v. Pomranz*, 43 F.3d 156, 158 (5th Cir.), *cert. denied*, — U.S. —, 116 S.Ct. 513, 133 L.Ed.2d 422 (1995). "Illegal possession of firearms may be either actual or constructive." *United States v. Knezek*, 964 F.2d 394, 400 (5th Cir.1992). Constructive possession is "ownership, dominion, or control over the contraband itself *or* dominion or control over the premises in which the contraband is concealed." *United States v. Mergerson*, 4 F.3d 337, 349 (5th Cir.1993) (citation and internal quotation marks omitted), *cert. denied*, — U.S. —, 114 S.Ct. 1310, 127 L.Ed.2d 660 (1994).

■ In Little Rock, Arkansas, Fells checked the luggage containing the handgun through to Ontario, with a layover in DFW.

Fells retained the baggage-claim ticket and the key to the luggage. By virtue of this retention, Fells had constructive possession. The district court did not err in denying his motion for judgment of acquittal.

## III. *INSTRUCTION*

Fells next contends that the district court improperly instructed the jury regarding venue. He argues that the instruction erroneously stated the government's proof on venue as a preponderance of the evidence, and that the instruction erroneously stated that the jury could find venue if any element of the crime, in either whole or part, occurred in the Northern District of Texas. Fells is mistaken on both counts.

■ Fells failed to object after the district court instructed the jury with regard to venue. Thus, we review his contention for plain error. Plain error is one that is "clear or obvious, and, at a minimum, contemplates an error which was clear under current law at the time of trial." *United States v. Calverley,* 37 F.3d 160, 162–163 (5th Cir.1994) (en banc) (citation and internal quotation marks omitted), *cert. denied,* —— U.S. ——, 115 S.Ct. 1266, 131 L.Ed.2d 145 (1995).

■ Fells has shown no error. As discussed above, venue is properly based on a preponderance of the evidence showing the commission of any single act that was part of the beginning, continuation, or completion of the crime. *Winship,* 724 F.2d at 1124. The instruction accurately explained this standard to the jury, and Fells' ability to present a defense based on improper venue was not impaired.

## IV. *ACCEPTANCE OF RESPONSIBILITY*

■ Fells third contention is that the district court's refusal at the time of sentencing to grant a reduction for acceptance of responsibility was an abuse of discretion. Section 3E1.1 of the United States Sentencing Guidelines provides:

(a) If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels.

(b) If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level **16** or greater, and the defendant assisted authorities in the investigation or prosecution of his own misconduct by taking one or more of the following steps:

(1) timely providing complete information to the government concerning his own involvement in the offense; or ...

decrease the offense level by **1** additional level.

Fells argues that he qualifies for a three point reduction under this section because he immediately confessed to all the operative facts and assisted the federal investigators in their search of his luggage. The district court disagreed. Instead, the court adopted the factual findings of the pre-sentence investigator who had concluded that the reduction was inapplicable because Fells put the prosecution to its burden of proof at trial. The presentence report was in error.

Normally one who puts the government to its burden of proof at trial will not qualify for a reduction under § 3E1.1.

Conviction by trial, however, does not automatically preclude a defendant from consideration for such a reduction. In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial. This may occur, for example, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (*e.g.* to make ... a challenge to the applicability of a statute to his conduct). In each such instance, however, a determination that a defendant has accepted responsibility will be based primarily upon pretrial statements and conduct.

*Id.,* comment 2.

This case, however, clearly falls within the exception described in comment two. Fells did not deny the underlying facts at trial. Rather, he argued that the underlying facts did not legally constitute "possession" within the Northern District of Texas. Indeed, Fells admitted the operative facts from the beginning. The presentence report was sim-

ply incorrect in saying that Fells denied two of the three factual elements of guilt. The presentence report treated his "not guilty" plea as a denial of facts when he freely admitted all the facts but challenged their legal interpretation. For example, Fells challenged venue in Texas because his baggage was intercepted by government agents at a connecting point on a two-segment flight. He denied "possession in and affecting interstate commerce," because, as a layman, he thought the airline "possessed" his luggage while it was checked through to a final destination. This was a mistaken conclusion of law on his part, but not a denial of a fact. The presentence report treated his testing of venue by a "not guilty" plea as a failure to accept responsibility. He had a right to challenge venue in Texas. Venue in Texas was chosen by government agents, not by the defendant. While he failed to prevail on his venue argument, he at no time disputed any material fact.

He called American Airlines prior to his flight to inquire about the proper method for transporting the weapon. He truthfully filled out the necessary papers for transportation and signed them with his signature. He admitted that he had checked a firearm in his luggage immediately upon being questioned by federal authorities in the Dallas airport. He unlocked his suitcase in order to allow authorities to search for the firearm and other contraband. This conduct constitutes just the type of behavior Section 3E1.1 was designed to address. U.S.S.G. § 3E1.1, comment 2 (1995). *See also United States v. Broussard*, 987 F.2d 215 (5th Cir.1993); *United States v. Fleener*, 900 F.2d 914, 917–918 (6th Cir.1990) (assertion of entrapment offense at trial did not preclude application of reduction for acceptance of responsibility) *and United States v. Barris*, 46 F.3d 33, 35–36 (8th Cir.1995) (assertion of insanity defense at trial not an automatic bar to reduction for acceptance of responsibility).

The categorical denial of a request to consider a reduction in this context impermissibly penalizes Fells for asserting his constitutional right to trial. We vacate the sentence imposed and remand for re-sentencing. The court has discretion to consider as much as a three point reduction for acceptance of responsibility giving due consideration to com-

ment 2 under Guideline § 3E1.1, and *United States v. Broussard,* supra.

Conviction affirmed, sentence vacated and cause remanded.