# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 19, 2010

No. 09-10211
Summary Calendar

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CARLOS FABIAN LOPEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:08-CR-125-3

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Carlos Fabian Lopez appeals the sentence imposed following his guilty plea conviction for possession with intent to distribute 50 grams or more of methamphetamine. Lopez argues that the district court erred by refusing to grant him a reduction for acceptance of responsibility. He maintains that the information in the presentence report (PSR) concerning his interview with the probation officer amounted only to a showing that he failed to admit relevant conduct, and, therefore, was insufficient to show that he was not entitled to a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reduction for acceptance of responsibility. He contends that the affidavit he filed sufficiently cured any failure to accept responsibility during his interview with the probation officer and that the district court erred by not allowing him to cure his failure to accept responsibility in that manner. Lopez asserts that the Government agreed that he was entitled to a reduction for acceptance of responsibility. He argues that the hearsay evidence in the PSR was an insufficient basis for the denial of a reduction for acceptance of responsibility.

While Lopez pleaded guilty and truthfully admitted his offense conduct in his factual resume, Lopez denied that he knowingly committed the offense of conviction and denied his offense conduct during his interview with the probation officer. Although Lopez admitted in his affidavit that he helped his co-defendants commit the offense and commented about trying to make easy money, Lopez did not make any specific factual admissions regarding his offense conduct. Given these facts, the burden placed on Lopez to demonstrate acceptance of responsibility, and the great deference given to a district court's determination that a defendant has not accepted responsibility, the district court's ruling that Lopez had not accepted responsibility was not clearly erroneous or without foundation. *See United States v. Cabrera*, 288 F.3d 163, 175-77 (5th Cir. 2002).

Lopez's argument that his interview with the probation officer amounted only to a failure to admit relevant conduct is incorrect; the PSR shows that Lopez denied knowingly committing his offense conduct during the interview. Lopez's assertion that the Government supported his receiving a reduction for acceptance of responsibility is refuted by the record. Lopez's contention that the district court improperly relied upon hearsay contained in the PSR regarding his interview with the probation officer is also without merit. *See Cabrera*, 288 F.3d at 173-74; *United States v. Vital*, 68 F.3d 114, 120 (5th Cir. 1995).

AFFIRMED.

2