# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 15, 2013

Lyle W. Cayce
Clerk

No. 12-50541
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAYMOND DESMIN DEAN,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:11-CR-269-1

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Raymond Desmin Dean pleaded guilty pursuant to a written plea agreement to possession of a firearm by an unlawful user and possession of a stolen firearm. He was sentenced above the advisory guidelines range to concurrent statutory maximum terms of imprisonment of 120 months on each count.

The sole issue on appeal is whether the district court erred in denying Dean an adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Dean argues that he should have received a two-level reduction in his base offense level under § 3E1.1, because he pleaded guilty to the charges in the superseding information, which specifically alleged possession of a stolen .38 caliber firearm; his plea agreement was based upon those charges; and he had no disagreement with the factual basis, which provided that he admitted to possessing the firearm described in the information.

"While the district court's findings under the sentencing guidelines are generally reviewed for clear error, a determination whether a defendant is entitled to an adjustment for acceptance of responsibility is reviewed with even greater deference." *United States v. Buchanan*, 485 F.3d 274, 287 (5th Cir. 2007). We will affirm a sentencing court's denial of a § 3E1.1 reduction unless it is without foundation. *United States v. Rudzavice*, 586 F.3d 310, 315 (5th Cir. 2009).

Section 3E1.1 of the Sentencing Guidelines authorizes a two-level reduction "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). Although entering a guilty plea prior to trial is a factor to be considered in determining whether an adjustment is warranted, it is not dispositive. U.S.S.G. § 3E1.1, comment (n.3). Rather, acceptance of responsibility requires that a defendant demonstrate "sincere contrition regarding the *full extent* of [his] criminal conduct." *United States v. Diaz*, 39 F.3d 568, 572 (5th Cir. 1994) (internal quotation marks and citation omitted) (emphasis in original). In addition to whether the defendant entered a guilty plea, the district court takes into account other factors, including whether the defendant truthfully admitted, or at least did not falsely deny, the conduct comprising the offense, including additional relevant conduct for which he is responsible. § 3E1.1, comment. (n.1(a)); see also § 3E1.1, comment (n.3).

According to the factual resume, with which Dean agreed, officers seized several firearms during the execution of a search warrant of Dean's residence. Dean admitted that the firearms in the house belonged to him. He specifically

admitted that he owned a .38 caliber firearm and that he knew it had been stolen.  Although the .38 caliber firearm was in the residence during the search, it was not discovered during the search.  Dean's codefendant later buried the gun in the backyard of the residence, where it was found by officers days later.

Although Dean pleaded guilty to possessing the .38 caliber firearm, he subsequently denied any knowledge of the gun during his presentence interview with the probation officer.  Dean has attempted to explain his denial, but he has never refuted the fact of his denial — which was inconsistent with his prior admission to the court — or provided any testimony or evidence to rebut the presentence report's findings.  Accordingly, the district court was entitled to rely on the presentence report, *see United States v. Ruiz*, 621 F.3d 390, 396 (5th Cir. 2010), and consider Dean's subsequent denial in determining whether to grant a reduction for acceptance of responsibility, *see* § 3E1.1, comment. (n.1(a)); see also § 3E1.1, comment (n.3).

Under the circumstances, and in light of the highly deferential standard of review in this case, we cannot say that the district court's denial of the § 3E1.1 reduction was without foundation.  *See Rudzavice*, 586 F.3d at 315; *Buchanan*, 485 F.3d at 287.  The judgment of the district court is AFFIRMED.