# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 24, 2013

No. 12-10425

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MARICELA SANTOS,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
U.S.D.C. No. 4:11-CR-147-1

Before STEWART, Chief Judge, and BARKSDALE and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Maricela Santos appeals the district court's denial of reductions in her United States Sentencing Guidelines ("Sentencing Guidelines" or "U.S.S.G.") offense level for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1 and minor role pursuant to U.S.S.G. § 3B1.2. We AFFIRM in part, REVERSE in part, VACATE, and REMAND for resentencing.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I. BACKGROUND

Santos was arrested at the Dallas/Fort Worth International Airport ("DFW") after United States Customs and Border Protection agents discovered drugs hidden in the lining of her purse. Santos subsequently pleaded guilty, without a plea agreement, to possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii). Santos signed a factual resumé admitting the elements of her crime and participated in a proffer interview with the Government. The parties agreed that any self-incriminating information that Santos disclosed during the proffer interview would not be used in determining any applicable Sentencing Guidelines range.

The Presentence Investigation Report ("PSR") stated that the Drug Enforcement Administration laboratory results showed that the methamphetamine found in Santos's purse had a 98.6 percent purity rate. The PSR assigned a two-level increase in Santos's offense level pursuant to U.S.S.G. § 2D1.1(b)(5)(A) because Santos "agreed to act as a 'drug mule' for unknown individuals in Mexico. The defendant was in possession of methamphetamine that had been imported from Mexico" (the "importation enhancement"). The PSR characterized Santos as an "average participant," so it did not make an adjustment for minor role pursuant to U.S.S.G. § 3B1.2.

The PSR also assigned a two-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), stating that Santos "has clearly demonstrated acceptance of responsibility for the offense." It assigned a further one-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b) because Santos "has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the intention to enter a plea of guilty." Thus, the PSR subtracted a total of three levels from Santos's base offense level due to her acceptance of

responsibility. Based on all of the adjustments, the PSR attributed a total offense level of 31 to Santos.

Santos objected to the two-level enhancement for the importation of methamphetamine from Mexico. She did not contest the facts set forth in the PSR, but argued that the evidence used to support the enhancement was improperly derived from her proffer interview and that the undisputed facts in the PSR were legally insufficient to support the finding that the methamphetamine she possessed had been imported from Mexico. Specifically, Santos noted that the PSR determined that the drugs were imported from Mexico because Santos had agreed to act as a drug mule for individuals in Mexico. She argued that this evidence was obtained solely from the proffer interview in which she participated, the information from which could not be used against her for sentencing purposes. She further argued that there was no evidence in the record that she had obtained the drugs in Mexico. Even were the proffer interview to be considered, the only evidence was that she had obtained the drugs in Nogales, Arizona, from where she flew to DFW and was apprehended.

In a written response, the Government agreed that the PSR improperly relied on Santos's proffer interview to support its conclusion that the drugs were imported from Mexico. It also agreed that there was insufficient evidence independent of Santos's proffered statement to support the importation enhancement. Therefore, the Government stated that Santos's adjusted offense level, including a reduction for acceptance of responsibility and without considering the improper importation enhancement, should be 29.

The probation officer filed an addendum to the PSR, which disputed that the importation enhancement relied on information obtained in the proffer interview. Instead, it stated that when Santos was questioned by federal agents at DFW, "she told agents that she had been living in Tijuana, Mexico, since May

2001 [and t]hus by a preponderance of the evidence, it is reasonable to conclude that the methamphetamine was imported from Mexico, which is where she was living at the time of her arrest." The addendum also noted that Santos's travel had been booked by the same travel agency that had been used by other international drug traffickers and that she had been previously arrested for importing marijuana from Mexico to California. Finally, the addendum declared that "it is common knowledge among federal law enforcement that the methamphetamine being supplied in the United States is imported from Mexico. The defendant only confirmed, in her proffer interview, what government agents already knew." The addendum concluded that Santos "appears to be denying or frivolously contesting her relevant conduct which is inconsistent with acceptance of responsibility."

Santos also objected to the lack of a minor role reduction, arguing that the evidence showed that she was a mere drug courier, and therefore should receive a two-level reduction as a minor participant. The probation officer responded that Santos was an average participant who was held accountable only for the conduct in which she was directly involved, not for the illegal activity of a drug organization.

Prior to Santos's sentencing hearing, the district court tentatively concluded that the "information available to the court appears to establish by a preponderance of the evidence that the methamphetamine involved in defendant's offense conduct was imported from Mexico." In addition, the district court tentatively concluded that Santos "has frivolously contested relevant conduct [by objecting to the importation enhancement], as the probation officer noted in the addendum, and that in doing so she has acted in a manner inconsistent with acceptance of responsibility, with the consequence that she should not receive a three-level reduction for acceptance of responsibility."

No. 12-10425

At the sentencing hearing, both Santos and the Government reiterated their concerns about the importation enhancement. The Government was particularly vociferous in support of Santos's objection, and the following exchanges, among others, occurred between the district court and the Government:

> THE COURT: What is the Government's position as to where the drugs originated?
>
> [THE GOVERNMENT]: Your Honor, we don't know. The facts of this case do not establish where those drugs came from. The only fact we have now is something we did gain in the proffer interview of Ms. Santos, which was she was handed that purse [containing the drugs] in Nogales, Arizona. She does not claim to know where those drugs came from. It's possible they came from Mexico, but we simply don't know.
>
> THE COURT: Okay. Of course, I'll have to make the decision as to what the preponderance of the evidence establishes.
>
> [THE GOVERNMENT]: Absolutely, Your Honor. May I be heard further?
>
> THE COURT: Well, if you would like to be heard further.
>
> [THE GOVERNMENT]: The original PSR certainly appeared to use proffered information.
>
> THE COURT: I agree that the probation officer did, in explaining why there should be a two-level increase based on importation from Mexico, use proffer information, and she should not have done that.
>
> [THE GOVERNMENT]: Thank you, Your Honor. I agree. And because of that, I'm not sure this

5

No. 12-10425

issue [of importation of the drugs from Mexico] would have arisen in probation's mind or in the Court's mind. It didn't arise in my mind until I saw, frankly, [Santos's] objection [to the enhancement].

...

[THE COURT]: So my tentative conclusion is that the preponderance of the evidence establishes that she brought these drugs from Mexico, or if she didn't, somebody else did.

[THE GOVERNMENT]: Your Honor has to come to a conclusion, and you certainly have the right and the ability to come to that conclusion, however, I would like to clarify that there is nothing that I have seen in this record—and I don't believe it exists—that suggests she had that purse with methamphetamine in it when she crossed the border.

THE COURT: [Government counsel], do you understand the concept of circumstantial evidence?

...

[THE GOVERNMENT]: One more thing, Your Honor. Obviously, the Government has a huge problem with—or had a huge problem with the way this was coming down and made the appropriate objections.

THE COURT: What do you have a problem—why does the Government have a problem with the way this is coming down? If a defendant frivolously contests relevant conduct, then the guidelines [sic] contemplate she won't get acceptance of responsibility.
Does the Government have a problem with that concept?

6

No. 12-10425

[THE GOVERNMENT]: Not with the concept, Your
        Honor, but with its application here.  I don't
        believe the defendant or defense counsel is
        frivolously contesting relevant conduct.[1]
        As you said, Your Honor, you have to link up
        circumstantial evidence to make this conclusion
        that those drugs were imported from Mexico, and
        it's within defendant's rights, Your Honor, to
        challenge whether those links are sufficient.

THE COURT: What has been your experience as to
        where methamphetamine with almost 100
        percent purity comes from when it's found in
        Texas?

[THE GOVERNMENT]: I have no personal experience
        with that, Your Honor.

The district court then continued the hearing, ordering the Government
to bring its case agent to the next hearing.

Just prior to the second sentencing hearing, the Government informed
Santos's counsel of additional information supplied by the Government's case
agent.  The case agent reported that most drugs in Arizona come from Mexico
and that the travel agency that had booked Santos's travel had also booked
travel for a previous defendant who had carried drugs from Mexico and was
associated with Nogales, Arizona.  Based on this additional information, Santos
withdrew her objection to the importation increase, as did the Government.  At
the subsequent hearing, the Government proffered the case agent's testimony.
The district court then adopted the two-level importation increase, finding by a
preponderance of the evidence that the drugs Santos had been carrying had been
imported from Mexico.

---

[1] On appeal, the Government now asserts that Santos's objection was frivolous.  The
Government has failed to provide any reason for its change in position.

No. 12-10425

The district court also denied Santos the three-level acceptance-of-responsibility reduction because "the very fact that she would contest that issue and put everybody to the trouble that everybody has been put to, to deal with that contest, causes me to conclude that she has not accepted responsibility." In other words, because Santos contested the sufficiency of the evidence underlying the importation enhancement, the district court refused to grant her a reduction for acceptance of responsibility. Consequently, Santos's total offense level increased from 31, as calculated in the original PSR, to 34.

The district court also found that Santos was not entitled to a minor role reduction. This appeal followed.

## II. DISCUSSION

### A.    Acceptance of Responsibility[2]

Santos argues that the district court erred when it denied her an offense-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. To be clear, Santos does not challenge the district court's determination that she was subject to a two-level increase because the drugs she was carrying were imported from Mexico. Instead, she challenges the district court's refusal to grant her a three-level decrease in her offense level for acceptance of responsibility. The initial PSR stated that Santos had fully accepted responsibility such that she should receive the decrease. It was only after Santos objected to the lack of evidence supporting the importation enhancement that the probation officer suggested she was not accepting responsibility. The district court's comments demonstrate that Santos's objection to the importation

---

[2] Before the district court and on appeal, Santos argues that the sentence violates her Sixth Amendment right to trial by jury and her Fifth Amendment rights to proof beyond a reasonable doubt and to indictment. Santos concedes that circuit precedent forecloses this claim. *See United States v. Rhine*, 583 F.3d 878, 891 (5th Cir. 2009).

enhancement was the sole reason for its refusal to grant Santos a decrease for acceptance of responsibility.

We review the district court's interpretation of the Sentencing Guidelines de novo and its factual findings for clear error. *United States v. Brooks*, 681 F.3d 678, 712 (5th Cir. 2012) (citation omitted). "While the district court's findings under the [S]entencing [G]uidelines are generally reviewed for clear error, a determination whether a defendant is entitled to an adjustment for acceptance of responsibility is reviewed with even greater deference." *United States v. Buchanan*, 485 F.3d 274, 287 (5th Cir. 2007). Santos bears the burden of demonstrating that she is entitled to this reduction. *United States v. Perez*, 915 F.2d 947, 950 (5th Cir. 1990). We "affirm a sentencing court's decision not to award a reduction under U.S.S.G. § 3E1.1 unless it is without foundation." *United States v. Solis*, 299 F.3d 420, 458 (5th Cir. 2002) (internal quotation marks and citation omitted).

Pursuant to U.S.S.G. § 3E1.1, a defendant may receive a two- or three-level reduction in offense level if he "clearly demonstrates acceptance of responsibility for his offense." "If a defendant enters a guilty plea prior to trial, truthfully admits the conduct comprising the offense, and admits, or at least does not falsely deny, any additional relevant conduct for which he is accountable, the court may find significant evidence of the defendant's acceptance of responsibility." *United States v. Medina-Anicacio*, 325 F.3d 638, 648 (5th Cir. 2003) (citation omitted). A defendant is "not required to volunteer or affirmatively admit relevant conduct beyond the conviction offense." *United States v. Patino-Cardenas*, 85 F.3d 1133, 1135 (5th Cir. 1996). However, a defendant may not "falsely deny or frivolously contest relevant conduct that the court determined to be true." *Id.* (citation omitted).

No. 12-10425

There is no dispute that Santos entered her guilty plea prior to trial and truthfully admitted the conduct comprising the offense.[3]  We also observe that importing drugs from Mexico was not an element of the crime with which Santos was charged.  Therefore, the alleged international provenance of the drugs constituted additional conduct relevant to the offense rather than conduct comprising the offense charged.  *See id.* at 1136.  Accordingly, Santos did not have to admit that the drugs came from Mexico, but neither could she falsely deny it.  Santos did not deny the drugs came from Mexico.  Rather, she made two legal objections to the importation enhancement: (1) that the PSR improperly relied on information obtained during the proffer session and (2) that the evidence in the record was insufficient to support the enhancement.  Therefore, our inquiry is whether the district court committed reversible error by characterizing these objections as "frivolous" and inconsistent with acceptance of responsibility.

U.S.S.G. § 3E1.1 does not define a "frivolous[] contest[]," so we use the plain meaning of the words.  Black's Law Dictionary defines frivolous as "[l]acking a legal basis or legal merit; not serious; not reasonably purposeful." Black's Law Dictionary 739 (9th ed. 2009); *accord Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (holding that a complaint is legally frivolous if it is based on an "indisputably meritless legal theory"); *Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995) (citations omitted) ("A complaint is frivolous if it lacks an arguable basis in law or in fact.").

With respect to Santos's first objection, we observe that the district court agreed with Santos that the PSR improperly relied on the information obtained

---

[3] The indictment charged Santos with possession with intent to distribute methamphetamine, to which she pleaded guilty and the elements of which she admitted in a factual resumé.  No one disputes that Santos adequately admitted the conduct comprising her offense.

in the proffer session to support the importation enhancement. It is axiomatic that an objection cannot be frivolous if the district court agrees with the grounds for the objection.

As to Santos's challenge as to the sufficiency of the evidence, we also hold that it was not frivolous.[4] There was insufficient original, non-proffer evidence in the record that the drugs at issue here had been imported from Mexico. To the contrary, the only original, non-proffer evidence in the record as to the origin of the drugs was that Santos had received them in Arizona. In the first sentencing hearing, the Government admitted that no such original, non-proffer evidence existed and disagreed with the district court that the circumstantial evidence indicated that the drugs had been imported from Mexico. When *additional evidence* linking the drugs to Mexico was presented *after* the first hearing, Santos withdrew her objection.

We have previously stated that "merely pointing out that the evidence does not support a particular upward adjustment or other sentencing calculation, does not strike us as a legitimate ground for ruling that the defendant has not accepted responsibility." *United States v. Nguyen*, 190 F.3d 656, 659 (5th Cir. 1999) (citation omitted), *recognized as abrogated on other grounds by United States v. Dunigen*, 555 F.3d 501 (5th Cir. 2009). There may be some cases in which a defendant's challenge of the sufficiency of the evidence is a frivolous contest or a false denial of the facts of the relevant conduct, but this is not one of those cases. Based on the facts in the record, it was not frivolous for Santos to raise an objection designed to ensure that the Government properly met its burden of proof concerning a factual determination with which she had

---

[4] On appeal, Santos also urges that her challenge to the lack of a minor role reduction provided an independent ground for her challenge as to the propriety of the importation increase. As we hold that Santos's challenge as to the sufficiency of the evidence was not frivolous, we need not consider this alternative ground for reversal.

not been indicted. The record shows that the district court denied Santos acceptance of responsibility merely because she objected to the sufficiency of the evidence supporting the importation enhancement. We hold this denial to be without foundation. *See Solis*, 299 F.3d at 458.

Our holding is consistent with our precedent. We previously have determined that a district court erred in failing to grant a defendant an acceptance-of-responsibility reduction. In *Patino-Cardenas*, the defendant's admission was silent as to additional conduct alleged by the Government that was not charged in the indictment. 85 F.3d at 1136. This court reversed the district court's determination that the defendant had failed to accept responsibility, and we vacated the sentence. *Id.* at 1137. We concluded that the defendant had not denied any of the facts stated in the PSR but had objected to the "legal characterization (leadership role) given his actions." *Id.* at 1136. As the defendant had "adequately admitted the conduct comprising the offense and either admitted or did not falsely deny the additional relevant conduct identified by the government," we held that the district court's refusal to grant a reduction for acceptance of responsibility was without foundation. *Id.*

In *United States v. Fells*, we vacated the defendant's sentence where the district court had refused to grant the defendant a reduction for acceptance of responsibility because the defendant went to trial. 78 F.3d 168, 172 (5th Cir. 1996). The defendant was stopped at an airport and, upon questioning, admitted that he had placed a pistol in his checked luggage. *Id.* at 170. He was arrested and charged with being a felon in possession of a handgun. *Id.* Although the defendant admitted the facts underlying the indictment, he went to trial where he argued that the airline "possessed" the gun when it was stored in his checked luggage and that venue was improper. *Id.* The defendant was convicted, and during sentencing, the district court denied him a reduction for acceptance of

responsibility because he had put the prosecution to its burden of proof at trial. *Id.* at 171.

In vacating the sentence, this court noted that the defendant had "freely admitted all the facts but challenged their legal interpretation." *Id.* at 172. Therefore, we held that, under the circumstances presented, the district court's refusal to consider a reduction for acceptance of responsibility merely because the defendant had sought to hold the prosecutor to its burden of proof at trial "impermissibly penaliz[ed the defendant] for asserting his constitutional right to trial." *Id.*

Thus, in both *Patino-Cardenas* and *Fells*, we refused to permit a district court to deny a defendant a reduction for acceptance of responsibility where the defendant made only a legal objection and otherwise fulfilled U.S.S.G. § 3E1.1's requirements. Similarly, in the instant case, Santos promptly pleaded guilty to the crime with which she was charged, adequately admitted the conduct comprising the offense, participated in a proffer session with the Government, at no point denied the additional relevant conduct, and, indeed, admitted the conduct once the Government presented the additional evidence. She made only a legal objection to a base level offense enhancement. Based on the record, we hold this objection was not frivolous. The PSR assigned Santos a reduction for acceptance of responsibility before her objection, and the district court gave no other reason for denying Santos this reduction. Consequently, there was no foundation for the district court's refusal to grant a three-level adjustment for acceptance of responsibility, and Santos must be resentenced.[5]  *See Patino-Cardenas*, 85 F.3d at 1136.

## B.    Minor Role

---

[5] Santos requests that her case be remanded to a different judge for resentencing. We do not find such a reassignment necessary under the factors identified in *Simon v. City of Clute*, 825 F.2d 940, 943-44 (5th Cir. 1987), and so we deny this request.

No. 12-10425

Santos argues that the district court based its denial of a two-level minor role reduction in Santos's base level offense on improper grounds. Specifically, Santos argues that the district court viewed her as per se ineligible for the reduction. We disagree.

The district court adopted the PSR and its addendum, which stated:

> The defendant is an average participant. . . . The defendant was not held accountable for any illegal activities of a "drug organization," but rather her conduct for which she is directly involved, namely, possession with intent to distribute methamphetamine. This is, at least, the second time she has acted as a drug courier. Thus, her role was not minor.

At Santos's second sentencing hearing, the district court stated:

> Well, I'm satisfied that her role was such that—she hadn't satisfied me that her role was such that she should receive any reduced offense level because of her role. And I'm satisfied, on the other hand, that . . . her conduct was such that she should receive the role assigned to her in the presentence report . . . .

Under U.S.S.G. § 3B1.2, a defendant who was a "minor participant in any criminal activity" may have his offense level decreased by two levels. Additionally, "[a] defendant who is accountable . . . only for the conduct in which the defendant personally was involved and who performs a limited function in concerted criminal activity is not precluded from consideration for an adjustment under this guideline." U.S.S.G. § 3B1.2 n.3(A). Additionally, the Sentencing Guidelines note that "a defendant who is convicted of a drug trafficking offense, whose role in that offense was limited to transporting or storing drugs . . . is not precluded from consideration for an adjustment" under this Guideline. *Id.* However, neither is a drug courier per se entitled to this reduction. "[A] defendant may be a [drug] courier without being either a minimal participant or a minor participant." *United States v. Gallegos*, 868 F.2d 711, 713 (5th Cir.

14

1989) (citation omitted). Because the determination depends on the defendant's culpability, not the defendant's status, "a defendant may be a courier without being substantially less culpable than the average participant." *Id.* Not every courier is not entitled to receive a downward adjustment. *Id.*

Here, the district court made a factual finding that Santos was not a minor participant. The district court noted that, *inter alia*, Santos had been apprehended with a significant amount of methamphetamine and that she previously had been apprehended while smuggling a significant quantity of marijuana from Mexico to the United States, accompanied by her two young children. The district court considered the defendant's crime a serious one. Its findings are not clearly erroneous.

## III.  CONCLUSION

For the foregoing reasons, the district court's determination that Santos's role in the offense did not justify a minor role reduction is AFFIRMED. The district court's determination that Santos failed to accept responsibility, which justified its refusal to adjust downward three levels is REVERSED. Accordingly, Santos's sentence is VACATED, and the case is REMANDED for resentencing consistent with this opinion.