# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10512
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 18, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CESAR ALEJANDRO LOMA,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CR-200

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Cesar Alejandro Loma appeals the sentence imposed following his guilty plea conviction for conspiracy to possess with the intent to distribute marijuana. Loma argues that the district court erred by refusing to grant him a downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1. He maintains that he was incorrectly denied credit because his statement to the probation officer that he was involved in the conspiracy for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-10512

three weeks, not three months, does not concern relevant conduct and did not impact his guidelines calculation.

We examine the denial of a downward adjustment for acceptance of responsibility under a standard of review even more deferential than a pure clearly erroneous standard. *United States v. Angeles-Mendoza*, 407 F.3d 742, 753 (5th Cir. 2005). We will affirm the denial of a downward adjustment for acceptance of responsibility under § 3E1.1 unless the denial is without foundation. *United States v. Solis*, 299 F.3d 420, 458 (5th Cir. 2002). The defendant has the burden of demonstrating that he is entitled to a reduction. *United States v. Perez*, 915 F.2d 947, 950 (5th Cir. 1990).

While Loma pleaded guilty and truthfully admitted his offense conduct in his factual resume, Lopez minimized his role in the conspiracy by diminishing the time period that he was involved in the conspiracy and by maintaining that the ledger found in his house was used in his construction business rather than to keep records of drug sales. The presentence report and addendum, which the district court adopted, relied on both these facts to support the denial of the adjustment. A defendant's attempt to minimize conduct provides a sufficient foundation for the denial of a downward adjustment for acceptance of responsibility. *United States v. Cabrera*, 288 F.3d 163, 175-77 (5th Cir. 2002). Given the foregoing, the district court's ruling that Loma had not accepted responsibility was not clearly erroneous or without foundation. *See id.*

AFFIRMED.