# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 6, 2024

Lyle W. Cayce
Clerk

———————

No. 23-50043

———————

United States of America,

*Plaintiff—Appellee*,

*versus*

Oscar Barrera, Jr.,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:21-CR-1125-1

———————————————————

Before King, Jones, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Oscar Barrera Jr. pleaded guilty to distribution and receipt of child pornography in violation of 18 U.S.C. § 2252. On appeal, Barrera argues that the district court erred by declining to reduce his sentence based on an arbitrary, formalistic requirement not mandated by the United States Sentencing Guidelines ("U.S.S.G."). He also contends that the district

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

court erred by imposing a $35,000 special assessment under the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018 ("AVAA"), because it erroneously believed that a maximum $35,000 special assessment was mandatory. We AFFIRM.

## I.

In April 2022, Defendant-Appellant Oscar Barrera Jr. pleaded guilty to distribution and receipt of child pornography, in violation of 18 U.S.C. § 2252. In the factual basis for his plea, Barrera admitted that, between June 2020 and June 2021, he used iPhone applications to receive and distribute child pornography. After Barrera admitted this conduct at his rearraignment and plea hearing, the district court advised him that most defendants in his position "have earned credit for what's called 'acceptance of responsibility,'" but that he could "lose that credit" if he "commit[s] any offense—state, federal, misdemeanor, felony, charged or uncharged."

After this hearing, Barrera was interviewed by a probation officer. Barrera stated during the interview that the conduct comprising his offenses "began during a hardship with [his] dad and his deteriorating health," in which Barrera acted as his father's caregiver while experiencing anxiety and depression. He stated that "all [those] factors led [him] down a very dark place," and "[c]hild pornography was introduced into [his] life, and [he] was not strong enough to stop." Barrera further stated that "[h]aving [his] charges read in open [c]ourt, made [him] sick," and that he felt "ashamed and ha[d] a lot of guilt."

In Barrera's presentence report ("PSR"), the probation officer determined that Barrera did not meet the criteria for a reduction to his offense level computation for acceptance of responsibility under U.S.S.G. § 3E1.1. Specifically, the probation officer concluded that "the defendant did not admit to the conduct comprising the offenses of conviction."

No. 23-50043

The PSR noted that Barrera was subject to a special assessment of "not more than $35,000 on any person convicted of any other offense for trafficking in child pornography" under the AVAA. *See* 18 U.S.C. § 2259A(a)(2). Regarding Barrera's ability to pay fines, the PSR noted that "it appears the defendant does not have the ability to pay a fine within the guideline range; however, it appears he has the ability to pay a reduced fine." The probation officer accordingly recommended that Barrera pay a reduced fine—below the guideline range for his offenses—and she recommended a $1,000 special assessment under the AVAA.

After the initial PSR was prepared, Barrera filed a motion for leave to re-interview for a reduction for acceptance of responsibility. The district court denied the motion.

Barrera objected to the PSR's determination that he did not qualify for an acceptance-of-responsibility reduction. Barrera contended that he indeed met § 3E1.1's criteria for the reduction, as he acknowledged and accepted the elements of his offenses and made post-offense rehabilitative efforts. He averred that his actions of pleading guilty, admitting to the conduct of the offenses without the benefit of a plea agreement, cooperating with the investigation, feeling remorse, and seeking rehabilitation and therapy warranted the reduction. Barrera also requested that the district court not impose any "fine or special assessment fee" because "he is indigent and unable to pay any fines."

In January 2023, Barrera appeared for sentencing before the district court. The district court first addressed Barrera's objection to the PSR's denial of an acceptance-of-responsibility reduction. At the outset, the district court stated that it would only look at Barrera's interview with the probation officer when ruling on an acceptance-of-responsibility reduction.

3

The district court acknowledged that Barrera's statement in the presentence interview admitted to *receipt* of child pornography, but it noted that Barrera did not admit to *distribution* of child pornography. Barrera's counsel tried repeatedly to argue that Barrera indeed admitted to distribution when accepting the factual basis for his guilty plea, but the court responded that "a plea of guilty alone isn't sufficient for acceptance." When Barrera's counsel again tried to reference the transcript of Barrera's plea hearing, the district court replied:

> That is not part of the acceptance. If that were sufficient, we wouldn't have that whole part of the guidelines of giving that statement to probation in their interview. . . . The problem is, it doesn't meet the acceptance part of the guidelines. If it did, we wouldn't have that part of the interview with probation.

The district court ultimately denied Barrera's objection, stating:

> I'm overruling the objection. He didn't admit the elements of either offense to probation when he gave a statement, pursuant to 3E1.1, which indicates, "The defendant clearly demonstrates acceptance of responsibility for his offense—" in this case, offenses—"and that is whether the defendant truthfully admits the conduct—" not the elements, but the conduct—"compromising [sic] the offenses of conviction." That did not happen in this case. Not—I'm not saying he was untruthful. He was truthful, so I'm not worried about the truthfulness of it. I'm just saying, he didn't admit the conduct. He admitted the title of one offense, but he didn't admit the conduct. So the Court overrules that objection.

Later in the hearing, the district court addressed the financial penalties to be imposed as part of Barrera's sentence. In listing the special assessments that Barrera would be subject to, the district court referred to "a 35,000-dollar for distribution, mandatory," which it later referred to as "one mandatory 35,000-dollar special assessment." The district court found that

"[g]iven the amount of restitution and the mandatory special assessment, . . . there is insufficient evidence to indicate that the defendant has the ability to pay any fines," and the court ordered that Barrera pay, *inter alia*, "the required 35,000-dollar special assessment."

Barrera timely filed a notice of appeal.

## II.

On appeal, Barrera first contends that the district court erred in denying him a sentence reduction for acceptance of responsibility. He specifically argues that the district court's denial of an acceptance-of-responsibility reduction was "without foundation because it rested on a requirement that does not exist in guideline § 3E1.1."

Under U.S.S.G. § 3E1.1(a), a defendant may receive a sentence reduction if he "clearly demonstrates acceptance of responsibility for his offense." "Entry of a plea of guilty prior to the commencement of trial combined with truthfully admitting the conduct comprising the offense of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which he is accountable . . . will constitute significant evidence of acceptance of responsibility . . . ." *Id.* § 3E1.1 cmt. 3. However, "[a] defendant who enters a guilty plea is not entitled to an adjustment under this section as a matter of right." *Id.*

In appealing the district court's denial of a sentence reduction for acceptance of responsibility, Barrera faces a demanding standard of review. Because "[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility," she is "entitled to great deference on review." *Id.* § 3E1.1 cmt. 5. We "will affirm a sentencing court's decision not to award a reduction . . . unless it is without foundation, a standard of review more deferential than the clearly erroneous standard." *United States v. Leontaritis*, 977 F.3d 447, 453 (5th Cir. 2020) (quoting *United States v.*

*Juarez-Duarte*, 513 F.3d 204, 211 (5th Cir. 2008)). "The defendant has the burden of proving that the reduction is warranted." *Id.*

At his plea hearing, Barrera admitted the conduct contained in the factual basis for his plea, which included details regarding his possession and distribution of child pornography. But Barrera did not, in his presentence interview, specifically admit to or take responsibility for distributing child pornography. Thus, although Barrera admitted to distributing child pornography in the factual basis for his guilty plea, the PSR considered Barrera ineligible for a sentence reduction because he did not admit to distribution in his presentence interview.

At Barrera's sentencing hearing, the district court refused to consider that Barrera admitted to the factual basis for his guilty plea, concluding, "That is not part of the acceptance. If that were sufficient, we wouldn't have that whole part of the guidelines of giving that statement to probation in their interview."

Contrary to Barrera's position, comment 3 of § 3E1.1 clarifies that "[a] defendant who enters a guilty plea is not entitled to an adjustment under this section as a matter of right." Although this provision does not mean that admitting conduct during a guilty plea is categorically irrelevant in an acceptance-of-responsibility determination, the ultimate decision to afford a reduction is within the district court's discretion.

Here, the district court denied Barrera an acceptance-of-responsibility reduction because he "didn't admit the elements of either offense *to probation when he gave a statement*, pursuant to 3E1.1." (emphasis added). This conclusion was not without foundation. *See United States v. Perez*, 915 F.2d 947 (5th Cir. 1990).

## III.

6

Barrera next argues that the district court erred in its imposition of the AVAA special assessment, as it mistakenly believed that a $35,000 special assessment was mandatory. Regarding preserved challenges to the imposition of a special assessment, this court reviews the district court's factual findings for clear error and questions of law *de novo*. *United States v. Graves*, 908 F.3d 137, 140 (5th Cir. 2018). But this court reviews unpreserved challenges only for plain error. *United States v. Danhach*, 815 F.3d 228, 238 (5th Cir. 2016). On plain error review, an appellant must show: (1) a forfeited error; (2) that is clear or obvious; and (3) affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135, 129 S. Ct. 1423, 1429 (2009). If he makes such a showing, this court has discretion to correct the error if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

In his written objections to the PSR, Barrera broadly requested that the district court not impose any "fine or special assessment fee assessed because he is indigent and unable to pay any fines." However, at the sentencing hearing, Barrera did not specifically object to the district court's pronouncement of the $35,000 AVAA special assessment as "mandatory" or "required." "To preserve error, an objection must be sufficiently specific to alert the district court to the nature of the alleged error and to provide an opportunity for correction." *United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009). Here, Barrera's broad objection to any "fine or special assessment fee" is insufficient to preserve his specific argument in this court that the district court erred in imposing the AVAA special assessment because it mistakenly believed that a $35,000 assessment was mandatory. Therefore, plain error review applies.

The AVAA specifies that, in addition to "any other criminal penalty, restitution, or special assessment," the district court is required to assess "not more than $35,000 on any person convicted of any other offense for

No. 23-50043

trafficking in child pornography." 18 U.S.C. § 2259A(a).  To determine the amount assessed, the AVAA mandates that the court consider the factors set forth in 18 U.S.C. § 3553(a) and 18 U.S.C. § 3572.  *Id.* § 2259A(c).

The district court here alluded to the § 3553(a) factors of the PSR, which showed that Barrera had the ability to pay a "reduced fine."  In addition, the district court specifically did not impose certain fines on Barrera due to "the amount of restitution and the mandatory special assessment."  Thus, even if the court erred in stating that the AVAA assessment was "mandatory" or "required," the court balanced Barrera's assessments in such a way that we cannot find either an effect on his substantial rights or that the error "seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings."  *Puckett*, 556 U.S. at 135, 129 S. Ct. at 1429 (quoting *United States v. Olano*, 507 U.S. 725, 736, 113 S. Ct. 1770, 1779 (1993)).

The sentence and the AVAA assessment are AFFIRMED.

No. 23-50043

King, *Circuit Judge*, dissenting:

Defendant-Appellant Oscar Barrera Jr. alleges that the district court made two errors during his sentencing. First, the district court denied Barrera an acceptance-of-responsibility reduction based on the mistaken belief that the United States Sentencing Guidelines ("U.S.S.G.") mandate that a defendant admit the conduct of his offenses during a presentence interview, and thereby categorically excluded from its consideration admissions Barrera made during his plea hearing. Second, the district court imposed a $35,000 special assessment under the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018 ("AVAA") based on the erroneous belief that an assessment of $35,000—the maximum penalty permitted by statute—was mandatory.

With respect to my colleagues, in my view, the district court committed errors that should not be overlooked. I accordingly would vacate in part Barrera's sentence and remand for resentencing on these narrow issues to ensure that Barrera is subjected to a fair sentencing process. I therefore respectfully dissent.

## I.

As the majority notes, our "without foundation" standard of review in addressing a district court's decision to not award an acceptance-of-responsibility reduction under U.S.S.G. § 3E1.1 is highly deferential. *See United States v. Leontaritis*, 977 F.3d 447, 453 (5th Cir. 2020). Still, we have previously vacated sentences where the district court refused to grant an acceptance-of-responsibility reduction for a reason not supported by the sentencing guidelines. *See, e.g.*, *United States v. Patino-Cardenas*, 85 F.3d 1133, 1136 (5th Cir. 1996) (holding that the district court's refusal to grant an acceptance-of-responsibility reduction based on the defendant's failure to admit additional conduct not charged in the indictment was without

foundation); *United States v. Fells*, 78 F.3d 168, 171–72 (5th Cir. 1996) (vacating the defendant's sentence where the district court refused to grant an acceptance-of-responsibility reduction based on the defendant asserting his constitutional right to trial); *United States v. Santos*, 537 F. App'x 369, 370, 374, 376 (5th Cir. 2013) (concluding that there was no foundation for the district court to deny an acceptance-of-responsibility reduction based on the defendant's objection to the lack of evidence supporting a sentence enhancement).

Barrera's case, like the aforementioned cases, presents a circumstance in which a defendant seemingly was a viable candidate for an acceptance-of-responsibility reduction based on U.S.S.G. § 3E1.1, but was denied such a reduction for a reason that is not supported by the sentencing guidelines. Barrera pleaded guilty to the charges levied against him without a plea agreement. As the majority acknowledges, Barrera then admitted the conduct contained in the factual basis for his plea—which included details regarding his possession *and* distribution of child pornography—at his plea hearing. At the end of this hearing, the district court plainly told Barrera that he would be a likely candidate for an acceptance-of-responsibility reduction as long as he did not engage in misconduct before his sentencing.

However, at Barrera's sentencing hearing nine months later, the district court changed its tune. As the United States explains, "the district court explicitly rejected any statements made by Barrera at his guilty plea as insufficient to qualify as an admission of the elements of the offense." Reasoning that there exists "that whole part of the guidelines of giving that statement to probation in their interview," the district court concluded that Barrera's admissions at his plea hearing are "not part of the acceptance."

The district court erred in reaching this conclusion. Section 3E1.1 contains no provision mandating that a defendant's truthful admission of

"the conduct comprising the offense of conviction" only counts if it is done at a presentence interview, U.S.S.G. § 3E1.1 cmt. 3; in fact, § 3E1.1 does not mention presentence interviews at all. Nor does this court impose a rule that a presentence interview is the defendant's only shot at admitting the conduct comprising his offenses. *See, e.g.*, *Santos*, 537 F. App'x at 374 & n.3 (finding that the defendant "truthfully admitted the conduct comprising the offense" by pleading guilty and admitting to a factual resume). Even in cases where we have upheld the district court's denial of an acceptance-of-responsibility reduction, we have still *at least considered* the defendant's admission to the factual basis for his guilty plea. *See, e.g.*, *United States v. Dean*, 521 F. App'x 332, 333 (5th Cir. 2013); *United States v. Lopez*, 371 F. App'x 461, 461–62 (5th Cir. 2010); *United States v. Loma*, 592 F. App'x 329, 330 (5th Cir. 2015); *see also United States v. Harris*, 304 F. App'x 270, 272 (5th Cir. 2008) ("[A] guilty plea is a factor to be considered in determining the adjustment for acceptance of responsibility . . . .").

The majority acknowledges that comment 3 of § 3E1.1, which clarifies that entering a guilty plea does not entitle a defendant to an acceptance-of-responsibility reduction as a matter of right, "does not mean that admitting conduct during a guilty plea is categorically irrelevant in an acceptance-of-responsibility determination." Yet it concludes that the district court's decision to categorically exclude from consideration Barrera's admissions during his plea hearing was an acceptable exercise of discretion. Like the United States, the majority cites *United States v. Perez*, 915 F.2d 947 (5th Cir. 1990), to support this conclusion.

But *Perez* is distinguishable. In *Perez*, the defendant pleaded guilty, stated to the court, "I'm sorry for what I did and I am guilty of what I did," and acknowledged "the basic factual elements of the offense." *Id.* at 950. However, the district court adopted the presentence report's recommendation to deny an acceptance-of-responsibility reduction, agreeing

that the defendant's explanation of his conduct "[left] out significant facts," "include[d] no remorse for conduct," and "fell short of clear recognition and affirmative acceptance of the nature and extent of his involvement in the drug conspiracy." *Id.*

The district court in *Perez* considered that the defendant admitted the conduct comprising his offense, but nevertheless concluded that his admission was insufficient for an acceptance-of-responsibility reduction. That is an acceptable exercise of discretion, assuming that there are legitimate grounds to believe that the defendant did not genuinely recognize and affirmatively accept responsibility for his criminal conduct. But that is not what occurred here. The district court here explicitly stated that admissions made during a plea hearing are categorically excluded from the court's consideration of an acceptance-of-responsibility reduction, leading to the erroneous—and without foundation—conclusion that Barrera did not admit to distribution of child pornography *at all*.

While the district court has discretion to take admissions of criminal conduct into consideration and ultimately conclude that they are insufficient for an acceptance-of-responsibility reduction, the district court did *not* have discretion in this case to categorically and arbitrarily turn a blind eye to admissions made as part of the factual basis for a guilty plea, and manufacture a rule that only statements made in a presentence interview can be considered.[1] Our cases make clear that a defendant's admissions of criminal

---

[1] Of particular concern is the fact that the district court imposed this rule without warning Barrera of the rules of the game ahead of time, then declined to provide Barrera the opportunity to reinterview once Barrera was made aware of the rule. In fact, Barrera arguably received the opposite of a fair warning. After he admitted to the factual basis for his plea, the district court informed Barrera that he was in a good position to receive an acceptance-of-responsibility reduction. It would be reasonable for Barrera to conclude under these circumstances that the district court was satisfied with his admissions.

conduct can be outweighed by other factors indicating that the defendant has not genuinely accepted responsibility for his actions. Still, under these circumstances, Barrera should not have been denied an acceptance-of-responsibility reduction on the sole basis that he did not admit the conduct comprising his offenses. At the very least, he met that threshold. Accordingly, I would vacate Barrera's sentence in part and remand to ensure that the district court properly considers the fact that Barrera pleaded guilty and admitted the conduct comprising the offenses of conviction.

## II.

In addressing Barrera's claim regarding the district court's imposition of the AVAA special assessment, the majority correctly concludes that plain-error review applies. Therefore, Barrera must show: (1) a forfeited error; (2) that is "clear or obvious"; and (3) affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes this showing, we have discretion to remedy the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Barrera has convincingly shown that plain error occurred. The AVAA requires the district court to assess "*not more than* $35,000 on any person convicted of any other offense for trafficking in child pornography," taking into consideration the factors set forth in 18 U.S.C. § 3553(a) and 18 U.S.C. § 3572. 18 U.S.C. §§ 2259A(a), (c) (emphasis added). At Barrera's sentencing hearing, the district court stated multiple times that the $35,000 amount for the AVAA assessment was "mandatory" and "required," which contradicts the statutory language of the AVAA. *See id.* § 2259A(a). I find it implausible, under these circumstances, that the district court imposed a $35,000 special assessment—the maximum possible amount—due to independent consideration of the factors set forth in 18 U.S.C. § 3553(a) and 18 U.S.C. § 3572. The presentence report concluded that Barrera only had

"the ability to pay a reduced fine," and the probation officer recommended an AVAA special assessment of $1,000. The district court's references to "the required 35,000-dollar special assessment" indicate that the district court committed "clear or obvious" error by concluding that the upper bound of an AVAA special assessment is a mandatory amount.

Furthermore, this error "affected the appellant's substantial rights," because it prejudiced Barrera and "affected the outcome of the district court proceedings." *Puckett*, 556 U.S. at 135 (quoting *United States v. Olano*, 507 U.S. 725, 734 (1993)). The majority holds otherwise, concluding that even if the district court committed a clear or obvious error, this error did not affect Barrera's substantial rights because the district court may have offset this significant penalty by reducing other fines. While it is true that the district court specifically did not impose certain fines on Barrera due to "the amount of restitution and the mandatory special assessment," the district court ultimately imposed on Barrera financial penalties (totaling $80,200) that were significantly greater than the financial penalties recommended by the probation officer (totaling $59,200). I therefore find highly suspect the notion that the district court's mistaken imposition of the maximum special assessment under the AVAA did not prejudice Barrera.

The fourth plain-error factor is discretionary and fact-intensive; "we look to 'the degree of the error and the particular facts of the case' to determine whether to exercise our discretion." *United States v. Prieto*, 801 F.3d 547, 554 (5th Cir. 2015) (quoting *United States v. Avalos-Martinez*, 700 F.3d 148, 154 (5th Cir. 2012)). Because the district court made a mistake of law, resulting in a $35,000 assessment that constitutes nearly half of the total financial penalties imposed on Barrera, I would vacate Barrera's sentence in part and remand to ensure that the district court assesses this fine while properly taking into account the factors set forth in 18 U.S.C. § 3553(a) and 18 U.S.C. § 3572. *See* 18 U.S.C. § 2259A(c) (mandating that the district court

consider these factors); *United States v. Myers*, 198 F.3d 160, 169 (5th Cir. 1999) (concluding that the district court plainly erred by ordering immediate payment of over $40,000 in restitution, and remanding); *see also United States v. Gonzales*, 620 F.3d 475, 476–77 (5th Cir. 2010) (declining to definitively conclude that plain error occurred, but remanding for the district court to clarify whether it considered the defendant's financial resources before ordering the immediate payment of a $4,000 fine).

### III.

The record indicates that the district court sentenced Barrera based on misunderstandings of U.S.S.G. § 3E1.1 and the AVAA, which is cause for concern. I disagree with the majority's decision to let these errors stand—I would vacate in part and remand to ensure that Barrera is subjected to a fair sentencing procedure. At the very least, we should remand for the district court to clarify whether it properly applied U.S.S.G. § 3E1.1 and the AVAA. Accordingly, I respectfully dissent.